UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THE NOCO COMPANY, | ) | Case No.: 1:20 CV 49 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| SHENZHEN VALUELINK | ) | |
| E-COMMERCE CO., LTD., *et al.*, | ) | |
| | ) | |
| Defendants | ) | ORDER |

Currently pending before the court in the above-captioned case is Plaintiff The NOCO Company's ("Plaintiff" or "NOCO") Motion for Leave to Serve Defendant Shenzhen Gooloo E-Commerce Co., Ltd., ("Defendant" or "Shenzhen Gooloo"), by Alternative Means ("Motion") (ECF No. 28). For the reasons that follow, the court grants Plaintiff's Motion.

## I. BACKGROUND

NOCO is a global manufacturer and distributor of an array of consumer battery products and accessories. (Compl. ¶¶ 6–7, ECF No. 1.) Defendant sells jump starters under the brand name "Gooloo" on the Amazon Marketplace. (*Id.* ¶ 11.) Defendant's jump starters often have the Amazon.com, Inc. ("Amazon") Badge. (*Id.* ¶¶ 86–93.) Amazon's Badge conveys to consumers that a product is "highly-rated and well-priced." (*Id.* ¶ 58.) Plaintiff alleges that Defendant unfairly

competes with NOCO on the Amazon Marketplace by manipulating Amazon's algorithms that award the Badge; creating false product reviews, ratings, and descriptions; and using businesses to drive up NOCO's costs on the Amazon Marketplace. (*Id.* ¶ 21.)

Since Plaintiff filed the Complaint, all of its efforts to serve Defendant at its physical address have failed. (Mot. at PageID # 241, ECF No. 28.) Plaintiff asserts it conducted an extensive search for Defendant's physical address using "a variety of internet resources, including the United States Patent and Trademark Office ("USPTO"), Google, social media sites, OpenCorporates, and Global Sources." *Id.* The USPTO lists Defendant's physical address as 303 Room, Bantian Business Center, Bantian Wuhe Road, Longgang District, Shenzhen, China 518000. (Decl. ¶ 8, ECF No. 28-1.)

Based on this, NOCO tried to apprise Defendant of this lawsuit on four occasions:

> (1) On January 10, 2020, NOCO mailed Defendant a copy of the Complaint and Summons to Defendant's USPTO address, 303 Room, Bantian Business Center, Bantian Wuhe Road, Longgang District, Shenzhen, China, 518000;
>
> (2) on January 24, 2020, NOCO mailed a waiver packet to Guanghui Li, Defendant's president as stated on USPTO documents, at 303 Room, Bantian Business Center, Bantian Wuhe Road, Longgang District, Shenzhen, China, 518115;
>
> (3) on January 24, 2020, NOCO mailed a waiver packet to Min Lei at Min Lei at [sic] 303 Room, Bantian Business Center, Bantian Wuhe Road, Longgang District, Shenzhen, China, 518129; and
>
> (4) on January 27, 2020, NOCO mailed a waiver packet to Yiyou He at Yiyou He at 3012, 30/F, Office Tower Convention Plaza 1 Harbour Road, Hong Kong.

(Mot. at PageID #241–42.) The original Summons and Complaint, and the January 27, 2020 waiver packet, were returned unexecuted. (*Id.* at PageID #242.) In addition, while Federal Express ("FedEx") marked the January 24, 2020 waiver packets delivered, Defendant has not responded to

Plaintiff. (*Id.*)

Nonetheless, NOCO's attempts to contact Defendant by email were more promising. (*Id.* at PageID #243.) Indeed, Plaintiff sent four emails to Defendant's various email addresses, which were obtained from Defendant's filings with the USPTO, and the emails did not bounce back and were not marked as undeliverable. (*Id.*; Decl. ¶ 17, ECF No. 28-1.) In fact, one email to Defendant's yoyo@matthiasscholl.com address appears to have been read, as demonstrated by a read receipt. (*Id.*) However, Defendant has not responded to Plaintiff's notifications regarding this lawsuit.

Thereafter, NOCO contacted Defendant through its Facebook page, https://www.facebook.com/gooloofans/. (Mot. at PageID #243.) Plaintiff maintains that the Facebook page provides a link to Defendant's website, and that Defendant regularly posts on its Facebook page. (*Id.*) Thus, on May 13, 2020, NOCO sent Defendant a Facebook message through Facebook Messenger, which included a copy of the Complaint. (*Id.*) On May 18, 2020, Defendant responded to the message stating: "Yes they take the case and will win a lawsuit." (*Id.*)

Consequently, on May 28, 2020, NOCO filed the instant Motion, seeking to serve Defendant through Facebook Messenger and email pursuant to Federal Rule of Civil Procedure 4.

## II. LAW AND ANALYSIS

The court looks to Federal Rule of Civil Procedure 4(f) to decide Plaintiff's request to serve Defendant through email and Facebook Messenger. In relevant part, the Rule states:

> Unless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

-3-

> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice . . . ; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

The United States and China are both signatories to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, and "compliance with the Convention is mandatory in all cases to which it applies." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988). The Hague Convention "requires signatory countries to establish a Central Authority to receive requests for service of documents from other countries and to serve those documents." *The NOCO Co. v. Khaustov*, No. 1:19-CV-196, 2019 WL 4218637, at *2 (N.D. Ohio Sept. 5, 2019) (citing *Zhang v. Baidu.com, Inc.*, 932 F. Supp. 2d 561, 565 (S.D.N.Y. 2013)). However, "[i]f the address of the person to be served is unknown . . . the use of Hague Convention procedures is only preferred, not mandatory." *NOCO Co. v. Liu Chang*, No. 1:18-CV-2561, 2019 WL 2135665, at *3 (N.D. Ohio May 16, 2019). Consequently, because Defendant's physical address is unknown despite Plaintiff's thorough attempts to discover it, the Hague procedures are not mandatory in this case. *Contra Liu Chang*, 2019 WL 2135665, at *4–5 (finding Hague Convention procedures applicable and denying request to serve Chinese corporate defendant via Amazon Message Center because plaintiff failed to show defendant's physical address was unknown).

Having determined that an alternative means of service is permissible, the court looks to Article 10 of the Hague Convention, which lists several alternative methods of service that signatories to the Convention have approved. Notably, while Article 10 permits service through postal channels or directly through a countries' judicial officers, it is silent on electronic service. *See*

*Prof'l Investigating & Consulting Agency, Inc. v. Suzuki*, No. 2:11-CV-01025, 2014 WL 48260, at *2 (S.D. Ohio Jan. 7, 2014).

Since the Hague Convention does not cover electronic service, the court turns instead to Rule 4(f)(3). *See Studio A. Entm't, Inc. v. Active Distribs., Inc.*, No. 1:06-CV-2496, 2008 WL 162785, at *3 (N.D. Ohio Jan. 15, 2008) ("[T]here is no requirement that a party first exhaust the methods contemplated in Rule 4(f) subsections (1) and (2) before petitioning the court for permission to use alternative means under Rule 4(f)(3)."). Other courts have approved electronic service when it is not prohibited by international agreement and it is "reasonably calculated . . . to apprize interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at *4 (quoting *Mullane v. Cent. Hancock Bank Tr. Co.*, 339 U.S. 314, 314 (1950)); *see also Lexmark Int'l, Inc. v. Ink Tech. Printer Supplies, LLC*, 291 F.R.D. 172, 175 (S.D. Ohio 2013) (permitting email service on defendants in China and Germany); *Med. Protective Co. v. Ctr. of Advanced Spine Techs., Inc.*, No. 1:14-CV-005, 2014 WL 12653861, at *2 (S.D. Ohio Jan. 13, 2014) (finding email service appropriate for defendant located in Pakistan). Further, the court is not aware of any international agreement or Chinese law that would prohibit service by electronic communication in the present case. *See Adidas AG v. Adidas.style*, No. 17-CV-62535, 2018 WL 1801197, at *1 n.3 (S.D. Fla. Feb. 7, 2018) ("China, Russia, and the United Kingdom have not expressly objected to service via email or publication."). Plaintiff's actions reflect a diligent effort to effect service on Defendant, and the court agrees that service through email and Facebook Messenger are likely to be the most effective way to apprise Defendant of the lawsuit. Since it appears that no international treaty exists between the United States and China prohibiting service of process by such means, the court grants Plaintiff's request to serve Defendant Shenzhen Gooloo through email and Facebook

Messenger.

### III. CONCLUSION

For the foregoing reasons, the court grants Plaintiff's Motion (ECF No. 28).

IT IS SO ORDERED.

                                                       */s/ SOLOMON OLIVER, JR.*
                                                       UNITED STATES DISTRICT JUDGE

July 2, 2020