# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **THE NOCO COMPANY,** | CASE NO. 1:20-cv-00049 |
| Plaintiff, | JUDGE SOLOMON OLIVER, JR. |
| v. | |
| **SHENZHEN VALUELINK E-COMMERCE CO., LTD., et al.,** | |
| Defendants. | |

## PLAINTIFF THE NOCO COMPANY'S MOTION FOR LEAVE TO PLEAD

Pursuant to Fed. R. Civ. P. 6(b)(1), Plaintiff The NOCO Company ('**NOCO**") requests leave to plead to Defendants Shenzhen Gooloo E-Commerce Co., Ltd. ("**Gooloo**") and Guangzhou Unique Electronics Co., Ltd.'s ("**Audew**") counterclaims until fourteen (14) days after the Court rules upon NOCO's Motion to Sever and Transfer Claims of Counterclaim-Plaintiffs (ECF # 99) (the "***Motion***").

In their respective answers to NOCO's Complaint, Gooloo and Audew asserted counterclaims arising from alleged activity concerning NOCO's U.S. Patent No. 9,007,015 (the "***'015 Patent***"). (ECF # 71 and #94). However, both Gooloo and Audew are parties to separate patent litigation with NOCO currently pending in this Court— *The Noco Company, Inc. v. Shenzhen Gooloo E-Commerce Co.*, N.D. Ohio Case No. 1:20-cv-01171-PAB and *The Noco Company, Inc. v. Guangzhou Unique Electronics Co., Ltd., et al.*, N.D. Ohio Case No. 1:20-cv-01169-SO.

Because the subject matter of Gooloo and Audew's counterclaims do not arise from the same transaction or occurrence as NOCO's claims here, but do arise out of the

same transaction and occurrence as the currently pending patent cases—NOCO moved to sever and transfer the counterclaims. (ECF # 99).

NOCO now seeks a fourteen-day extension of time within which to Answer or otherwise respond to the Counterclaims until after this Court has ruled on the Motion. Such a request is in the interest of judicial economy and will conserve resources. If the Motion is granted, then NOCO's patent counsel in the Gooloo Patent Case and Audew Patent Case will be in the best position to answer the transferred Counterclaims. If the Motion is denied, then NOCO respectfully requests additional time to respond to the Counterclaims. For these reasons, NOCO requests that this Court grant it fourteen days, from the date the Motion is ruled upon (and the counterclaim transferred, if the Motion is granted) within which for NOCO to respond to the Counterclaims.

NOCO's request for leave to plead is made in good faith, not for the purposes of delay, and will promote judicial economy. NOCO previously requested, and was granted, a thirty (30) day extension of time to answer Gooloo's counterclaims. (*See* ECF # 79).[1] NOCO has not previously requested any extensions with respect to its answer to Audew's counterclaims.

---

[1] NOCO previously sought a 30-day extension to respond to Gooloo's Counterclaim because Gooloo's Counterclaim lacked a factual foundational basis and otherwise constitutes frivolous conduct. Despite request, Gooloo has not dismissed its counterclaim.

{K0815369.1}  2

Respectfully submitted,

**KOHRMAN JACKSON & KRANTZ LLP**

*/s/ Jon J. Pinney*
JON J. PINNEY (0072761)
JONATHON W. GROZA (0083985)
JUSTINE LARA KONICKI (0086277)
KYLE D. STROUP (0099118)
One Cleveland Center, 29th Floor
1375 East Ninth Street
Cleveland, Ohio 44114-1793
Telephone: (216) 696-8700
Facsimile: (216) 621-6536
Email: jjp@kjk.com; jwg@kjk.com;
   jlk@kjk.com; kds@kjk.com

*Counsel for Plaintiff The NOCO Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was filed electronically via the Court's electronic docketing system on November 2, 2020. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*/s/ Jon J. Pinney*
Jon J. Pinney

*Counsel for Plaintiff The NOCO Company*
