# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **THE NOCO COMPANY,** | ) | CASE NO. 1:20-cv-00049 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| **SHENZHEN VALUELINK E-** | ) | |
| **COMMERCE CO., LTD., et al.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

---

### DEFENDANTS SHENZHEN GOOLOO E-COMMERCE CO.  LTD.'S AND GUANGZHOU UNIQUE ELECTRONICS CO. LTD.'S BRIEF IN OPPOSITION TO THE NOCO COMPANY'S MOTION TO SEVER AND TRANSFER CLAIMS

---

Neither governing law nor common sense support NOCO's motion, which seeks to sever from this case the counterclaims filed by defendants Shenzhen Gooloo E-Commerce Co. Ltd. ("Gooloo") (ECF #71) and Guangzhou Unique Electronic Co., Ltd. ("Unique") (ECF #94) and transfer them to two different cases also pending in this district.[1] (*See* ECF #99 at 1.).

Contrary to NOCO's argument, the Gooloo and Unique counterclaims do not "solely concern[ing], relat[ing] to, and aris[ing] from alleged activity concerning NOCO's U.S. Patent No. 9,007,015." (*Id.*). In fact, the counterclaims have a stronger legal and logical relationship to the current case (and to each other) than to the respective '015 Patent Cases. Moreover, severing these counterclaims and transferring them to the '015 Patent Cases would not promote judicial economy,

---

[1] The two other cases are *The NOCO Company v. Shenzhen Gooloo E-Commerce Co.*, Case No. 1:20-cv-01171-PAB (N.D. Oh.) and *The NOCO Company v. Guangzhou Unique Electronics Co., Ltd., et al.,* Case No. 1:20-cv-01169-SO (N.D. Oh.) (the "'015 Patent Cases").  (*See id.*)

and could actually increase the potential for inconsistent rulings. Finally, NOCO will suffer no prejudice if the counterclaims remain in this case.  In sum, the relevant factors do not support severance, and Gooloo and Unique urge the Court to deny NOCO's motion.

## I.      PROCEDURAL BACKGROUND AND STATEMENT OF RELEVANT FACTS

NOCO brought this case against eleven named defendants, including Gooloo and Unique, and an unspecified number of unnamed and unknown defendants in a Complaint filed on January 9, 2020.  In its Complaint (ECF #1), NOCO alleges that this large group of diversely located and organizationally independent defendants — corporations and individuals — have engaged in a concerted, sophisticated, international campaign of manipulation and misinformation against NOCO and its jump starter products. NOCO seeks relief under the Lanham Act (15 U.S.C. § 1125, et seq.), Ohio's Unfair Trade Practices Law (O.R.C. § 4165.02), and the common law of tortious interference with business relationships, trade libel, and civil conspiracy. (*See* ECF# 1 at 69-74.)

More than four months later, NOCO filed the '015 Patent Cases against Gooloo (1:20-cv-01171-PAB) and Unique (1:20-cv-01169-SO) in this same forum on May 28, 2020.  In those twin complaints, NOCO alleges that Gooloo and Unique have infringed U.S. Patent No. 9,007,015 (the "'015 Patent") and seeks relief under the U.S. Patent Act (35 U.S.C. § 271, et seq.).

Gooloo and Unique timely responded to NOCO's Complaint in this case on September 14, 2020 and October 28, 2020, respectively.  In their responsive pleadings (ECF #71 and 94), Gooloo and Unique raised counterclaims (the "Counterclaims") against NOCO under the Lanham Act (15 U.S.C. § 1125, et seq.), Ohio's Unfair Trade Practices Law (O.R.C. § 4165.02),  and the common law of unfair competition, defamation, and tortious interference with business relationships.

Gooloo timely answered NOCO's Complaint in its '015 Patent Case on October 26, 2020. In its responsive pleading, Gooloo raised three counterclaims against NOCO, all arising under the

Patent Act. *See The NOCO Company v. Shenzhen Gooloo E-Commerce Co.,* Case No. 1:20-cv-01171-PAB (N.D. Ohio) at ECF #7. Unique's responsive pleading in its '015 Patent Case is due on November 23, 2020.

## II.   LAW AND ARGUMENT

NOCO's argument that the Court should exercise its discretion to sever and transfer the Counterclaims is simply wrong.[2] NOCO's analysis misapplies the factors the Sixth Circuit uses to govern severance by focusing solely on the commonality of certain underlying facts and legal issues while ignoring the elements defendants will have to satisfy and evidence the defendants will have to submit to prove up their Counterclaims. *See* ECF #99 at 2-5. A proper analysis of the relevant factors shows that they weigh heavily against NOCO, and counsel denying this motion.

The Federal Rules of Civil Procedure grants district courts the discretion to sever claims in appropriate circumstances. *See Parchman v. SLM Corp.*, 896 F.3d 728, 733 (6th Cir. 2018) (quoting *Payne v. Corr. Corp. of Am.*, 194 F.3d 1313 (6th Cir. 1999) (unpublished table opinion)); Fed. R. Civ. P. 21.  "Courts consider a number of factors when determining whether to sever claims, including: (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for separate claims."  *Id.* (citing *Productive MD, LLC v. Aetna Health, Inc.*, 969 F.Supp.2d 901, 940 (M.D. Tenn. 2013)) (*cited in Mann v. Mohr,* 802 Fed. Appx. 871, 875 (6th Cir. 2020).

---

[2] NOCO has not sought to dismiss the Counterclaims or dispute that Defendants sufficiently plead them. The Counterclaims are proper permissive counterclaims under Federal Rule 13(b), as NOCO implicitly acknowledges even as it seeks severance.  *See* Fed. R. Civ. P. 13; ECF #99 – Memorandum at 2, n.1.

Properly applying these factors to the current case shows that severance is not appropriate, especially since NOCO seeks to transfer the Counterclaims to two separate patent infringement cases pending before this same Court.

**A. The Counterclaims have a stronger logical relationship with the current case than with the '015 Patent Cases.**

The "same transaction or occurrence," "common questions of law and fact," and "different witnesses and documentary proof" factors all weigh against NOCO's motion, because the Counterclaims have a much stronger logical relationship with the current case than with the '015 Patent Cases.

The appropriate test when evaluating whether claims arise out of the "same transaction or occurrence" factor for severance is not merely a simplistic look at whether the claims literally arise out of the same transaction or occurrence (which these do not), but requires analyzing whether there is a logical relationship between the claims. *See Bauman v. Bank of Am., N.A.*, 808 F.3d 1097, 1101 (6th Cir. 2015) (citing *Maddox v. Ky. Fin. Co.*, 736 F.2d 380, 382 (6th Cir.1984)). This test hinges upon evaluating whether the legal and factual issues of the claims are largely the same, and whether substantially the same evidence would support or refute both claims. *Id.* (quoting *Sanders v. First Nat'l Bank & Trust Co. in Great Bend*, 936 F.2d 273, 277 (6th Cir.1991). "A partial overlap in issues of law and fact does not compel a finding that two claims are logically related." *Id.*

For example, the *Bauman* court held that a later-brought foreclosure claim, while literally arising out of the same debt transaction that led to a previous lawsuit under the Fair Debt Collection Practices Act (FDCPA), did not have the required logical relationship with the FDCPA claim to make it a compulsory counterclaim in the prior action because, as in this case, the legal issues were different, and because the decisions on the counterclaim and on the claim required different factual

showings. *Id.* at 1102. *See* Fed. R. Civ. P. 13(a). The overlap in factual issues between the FDCPA claim and the foreclosure counterclaim did not create the logical relationship required for those claims to "arise out of" the same transaction or occurrence. *Id.* Similarly, a claim to ascertain the balance of an unpaid debt, though literally arising from the same disputed transaction, was a merely a permissive, rather than mandatory, counterclaim to a claim under the Truth in Lending Act ("TILA") because they presented different legal, factual, and evidentiary questions. *See Maddox*, 736 F.2d at 382-83 (noting that the courts "reject[] a literal application of" Rule 13(a)).

Here, defendants' Counterclaims present largely the same legal issues as NOCO's claims in the current unfair competition case, since both were brought under the Lanham Act, Ohio's Unfair Trade Practices Law, and certain overlapping common law torts. Like the opposing claims filed by NOCO, the Counterclaims assert Lanham Act and state law claims based on alleged anti-competitive acts related to the sale of competing jump-starters on Amazon.com. On the other hand, the Counterclaims present completely different legal issues from those of the claims and counterclaims in the Gooloo '015 Patent Case (and the Counterclaims to be filed in Unique's '015 Patent Case), which all arise ***only*** under the U.S. Patent Act. They therefore have a stronger legal and logical connection with the current case than with the '015 Patent Case. *See Bauman*, 808 F.3d at 1102.

The commonality of certain factual issues between the Counterclaims and certain counterclaims in the '015 Patent Case is not compellingly stronger than their commonality with the claims in the current case. NOCO correctly notes that the Counterclaims involve the validity and enforceability (or not) of the '015 Patent, but this overlap does rise nearly to the level required to justify NOCO's erroneous assertions that the Counterclaims "solely concern, arise from, and relate to the '015 Patent." (ECF #99 at 1, 4.) In fact, the Counterclaims all require substantially

more factual showings from defendants than merely establishing the overlapping factual issues because they, like NOCO's claims in the current case, relate to disparagement, deception, and the spread of misinformation by competitors in market activities.

The Counterclaims involve, but do not focus on, the validity and enforceability of the '015 Patent, making the situation in this case much like the situation in *Bauman*. *See* 808 F.3d at 1102 ("A FDCPA claim, however, does not focus on the validity of the debt, but instead on the 'use of unfair methods to collect it.'") (internal citations omitted). The Counterclaims pose different factual issues and require different evidentiary support from the claims and counterclaims in the '015 Patent Cases, because they have different legal bases. *See Maddox*, 736 F.2d at 383. The overlap and resulting natural repetition of certain factual allegations do not create the logical relationship required to find that they arise out of the same transaction or occurrence as the claims in the '015 Patent Cases.

Further, the logical relationship between the Gooloo Counterclaims and the Unique Counterclaims is strong. Their legal issues are the same. Their factual allegations are, in NOCO's own words, "substantively identical." ECF #99 Brief at 2. "The logical relationship test may be nebulous in certain applications, but not in this one." *Sanders*, 936 F.2d at 277. The "same transaction or occurrence" factor supports keeping the Gooloo and Unique Counterclaims together in this case rather than separated into the two '015 Patent Cases as NOCO proposes.

In sum, because the legal and factual issues present in the Counterclaims have a stronger logical relationship with the current case than with the '015 Patent Cases, the "same transaction or occurrence" factor does not weigh in favor of severance and transferring the Counterclaims. The "logical relationship" criteria employed to analyze the "same transaction or occurrence" factor incorporates a detailed consideration of the commonality of questions of law and fact and the

commonality of evidentiary requirements.  *See Bauman*, 808 F.3d at 1101. Therefore, the analysis above shows that the "common questions of law and fact" and "different witnesses and documentary proof" factors also weigh against severance for the reasons described above.

### B.  Severance and transfer in this case would not promote judicial economy.

The "judicial economy" factor also weighs against the severance and transfer requested by NOCO.  NOCO is not seeking, and has never sought, to dismiss the Counterclaims.  Instead, it is simply seeking to transfer them to two different cases pending before this same Court. The Court will still have to decide on these counterclaims if NOCO's motion is granted, only in a different proceeding.  It is hard to see how this could possibly serve the interests of judicial economy.

NOCO erroneously argues that if the Court does not sever and transfer the Counterclaims, it will have to "defend the same allegations in two separate lawsuits."  ECF #99 at 4. Wrong. To the extent the factual allegations overlap, NOCO will have to defend against them only once, since issue preclusion will be available if appropriate. The interests of judicial economy do not require severance and transfer on this account.

### C.  NOCO will not be prejudiced by the Court denying severance.

Finally, the lack of prejudice to NOCO also weighs against severance and transfer. NOCO argues, again erroneously, that without the proposed severance and transfer, it will be prejudiced because it will have to "defend against the same allegations in two separate forums" and run "the risk of differing results." ECF #99 at 4, 5.  Not so. There is only one forum involved in these cases, namely, the Northern District of Ohio. And this case and the Unique '015 Patent Case are both pending in this very court.  *See The NOCO Company v. Guangzhou Unique Electronics Co., Ltd., et al.,* Case No. 1:20-cv-01169-SO (N.D. Oh.). We are fully confident that this Court can and will ensure appropriate consistency in the multiple proceedings that NOCO chose to institute separately.

## III.    CONCLUSION

For the reasons set forth above, and for good cause shown, the Court should deny NOCO's motion. The facts here, when analyzed appropriately under the governing law, do not support severance and transfer. As a practical matter, NOCO's proposed motion would accomplish nothing.

Respectfully submitted,

/s/ *Jay R. Campbell*
Jay R. Campbell (0041293)
David A. Bernstein (0093955)
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113
Telephone:     216.592.5000
Facsimile:     216.592.5009
E-mail:
jay.campbell@tuckerellis.com
david.bernstein@tuckerellis.com

/s/ *Peter J. Curtin*
Peter J. Curtin
ARCH & LAKE LLP
203 North LaSalle Street
Suite 2100
Chicago, IL 60601
(312) 558-1369
(312) 614-1873 (fax)
(240) 432-3267 (cell)
pete_curtin@archlakelaw.com

*Attorneys for Defendants Shenzhen Gooloo E-Commerce Co., Ltd. and Guangzhou Unique Electronics Co., Ltd.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 16, 2020, a copy of the foregoing document was filed

electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic

filing system.  Parties may access this filing through the Court's system.

/s/      Jay R. Campbell
