UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THE NOCO COMPANY, | ) | Case No.: 1:20 CV 49 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| SHENZHEN VALUELINK E- | ) | |
| COMMERCE CO., LTD., *et al.*, | ) | |
| | ) | |
| Defendants | ) | ORDER |

Currently pending before the court in the above-captioned case is Plaintiff The NOCO Company's ("NOCO") Motion to Sever and Transfer ("Motion") (ECF No. 99) counterclaims filed by Defendants Shenzhen Gooloo E-Commerce Co. Ltd. ("Gooloo") and Guangzhou Unique Electronic Co., Ltd. ("Unique") (collectively, "Defendants"). For the following reasons, the court grants the Motion.

## I. BACKGROUND

NOCO filed this action on January 9, 2020, alleging that eleven named defendants, including Gooloo and Unique, and an unspecified number of unknown and unnamed defendants have engaged in a coordinated campaign to manipulate the Amazon Marketplace, which has disrupted and damaged the sale of NOCO's products. NOCO subsequently filed separate lawsuits against Gooloo and Unique, alleging that they infringed NOCO's U.S. Patent No. 9,007,015 (the "'015 Patent"). *NOCO Company, Inc. v. Shenzhen Gooloo E-Commerce Co.*, No. 1:20-CV-1171 (N.D. Ohio filed May 28, 2020); *NOCO Company, Inc. v. Guangzhou Unique Electronics Co., Ltd.*, No. 1:20-CV-1169 (N.D. Ohio filed May 28, 2020) (the "'015 Patent Cases").

Gooloo Answered NOCO's Complaint in this action on September 14, 2020, and Unique

Answered on October 28, 2020. (ECF Nos. 71, 94.) Both also filed counterclaims against NOCO asserting unfair competition under the Lanham Act, unfair competition under common law, deceptive trade practices under Ohio law, defamation, and tortious interference with Defendants' business relationships. While these counterclaims ostensibly arise separately from the patent claims at issue in the '015 Patent Cases, the factual backgrounds Defendants offer in support of their counterclaims focus exclusively on the validity of the '015 Patent and NOCO's alleged misrepresentations to the United States Patent and Trademark Office.

On November 2, 2020, NOCO filed this Motion (ECF No. 99) asking the court to sever Defendants' counterclaims and transfer them to Defendants' respective '015 Patent Cases. Defendants filed a joint Response in Opposition (ECF No. 105) on November 16, 2020, and NOCO filed a Reply (ECF No. 109) on November 23, 2020.

## II.  LAW AND ANALYSIS

### A.  Legal Standard

The Federal Rules of Civil Procedure give district courts broad discretion to sever claims. *See Parchman v. SLM Corp.*, 896 F.3d 728, 733 (6th Cir. 2018). Rule 21 provides that: "On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. When exercising this discretion, district courts consider the following factors:

> (1) whether the claims arise out of the same transaction or occurrence;
>
> (2) whether the claims present some common questions of law or fact;
>
> (3) whether settlement of the claims or judicial economy would be facilitated;
>
> (4) whether prejudice would be avoided if severance were granted; and

(5) whether different witnesses and documentary proof are required for separate claims.

*Parchman*, 896 F.3d at 733 (quoting *Productive MD, LLC v. Aetna Health, Inc.*, 969 F. Supp. 2d 901, 940 (M.D. Tenn. 2013)).

## B.    Application

The parties agree that the five *Parchman* factors should guide the court's analysis, but they apply the factors to reach opposite conclusions. The court addresses each factor below.

The first and second factors support severing Defendants' counterclaims. It is true, as Defendants argue, that NOCO's Complaint and Defendants' counterclaims overlap significantly in terms of applicable law. They both invoke the Lanham Act, 15 U.S.C. § 1125; Ohio's Unfair Trade Practices Law, Ohio Rev. Code § 4165.02; common law tortious interference with business relationships; and libel/defamation. But the similarities end there. NOCO's claims arise from alleged anticompetitive behavior and unlawful manipulation of the Amazon Marketplace that is entirely separate from any patent issues—indeed, the Complaint does not even mention the '015 Patent. By contrast, Defendants' counterclaims have little, if anything, to do with the Amazon Marketplace, but they are inextricably linked to the '015 Patent. Simply put, the '015 Patent lies at the root of Defendants' counterclaims. Indeed, although the counterclaims sound in terms of unfair competition and tort rather than patent infringement, they stem from Defendants' assertion that NOCO filed the '015 Patent Cases "in bad faith, as an anti-competitive tactic, despite knowing that its '015 Patent is invalid over the prior art and/or unenforceable." (Gooloo's Counterclaims ¶ 30, ECF No. 71; Unique's Counterclaims ¶ 30, ECF No. 94.) Because Defendants' counterclaims lack a meaningful substantive connection to NOCO's allegations regarding the Amazon Marketplace manipulation, and given the close nexus between the facts Defendants assert here and the facts they assert in their '015 Patent Cases, the first and second *Parchman* factors support severing Defendants' counterclaims and

-3-

transferring them to the '015 Patent Cases.

The third factor also supports severing Defendants' counterclaims. Keeping the counterclaims here offers no benefit to judicial economy because, despite their overlap in law, Defendants' counterclaims and NOCO's Amazon Marketplace claims are not factually related. Trying them together would amount to trying two separate cases at once. On the other hand, Defendants' counterclaims share important commonalities with the '015 Patent Cases. And resolving the questions in that case regarding the validity of the '015 Patent and the alleged infringement activity will go a long way toward resolving Defendants' counterclaims. To be sure, the outcome of the '015 Patent's validity will not necessarily determine the outcome of Defendants' counterclaims—even if the '015 Patent is valid, Defendants could prevail on their counterclaims if they prove NOCO made defamatory statements or engaged in unfair competition. But because the issues in the '015 Patent Cases will inform and impact Defendants' counterclaims, it makes little sense to proceed on the counterclaims in this case before the '015 Patent Cases, which have been stayed pending the United States Patent and Trademark Office Patent Trial and Appeals Board's ongoing *inter partes* review of the '015 Patent's validity, can proceed.

The fourth and fifth factors offer slight support for severing. NOCO asserts that it will be "prejudiced by being required to defend against substantively the same allegations in two separate forums" and that "additional witnesses and documentary evidence will be required if the scope of this lawsuit is expanded to encompass the alleged activity concerning the '015 Patent." (Mot. at PageID #6816–17, ECF No. 99.) These concerns are well-taken to the extent Defendants' counterclaims relate to the validity of the '015 Patent because it would be wasteful and burdensome to force NOCO to litigate that issue in parallel cases. However, as discussed above, Defendants' counterclaims go beyond the issue of patent validity. That is, they involve issues, witnesses, and

-4-

evidence that extend beyond the current scope of the '015 Patent Cases. So while severing the counterclaims and transferring them will avoid wasteful parallel proceedings regarding the '015 Patent's validity, it merely shifts NOCO's burden to defend against the counterclaims from this case to the '015 Patent Cases. In that sense, granting NOCO's Motion does not eliminate prejudice because NOCO must face the counterclaims eventually.

After weighing the relevant considerations, the court exercises its discretion and severs Defendants' counterclaims. Accordingly, NOCO's Motion is granted.

## III. CONCLUSION

For the foregoing reasons, the court grants NOCO's Motion (ECF No. 99) and severs Defendants' counterclaims from this action. The court hereby transfers their counterclaims to their respective '015 Patent Cases. Specifically, Gooloo's counterclaims are transferred to *NOCO Company, Inc. v. Shenzhen Gooloo E-Commerce Co.*, No. 1:20-CV-1171 (N.D. Ohio filed May 28, 2020), and Unique's are transferred to *NOCO Company, Inc. v. Guangzhou Unique Electronics Co., Ltd.*, No. 1:20-CV-1169 (N.D. Ohio filed May 28, 2020). The court has consulted with the transferee Judge in Gooloo's case, Judge Pamela Barker, who has agreed to accept transfer of these counterclaims. To affect the transfer, Defendants should refile their counterclaims within the respective actions within 14 days of the date of this Order.

Consistent with this Order, and because no counterclaims will remain in this action, the court hereby directs the Clerk to remove the counter-party designations 15 days from the date of this Order.

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

February 12, 2021