# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| THE NOCO COMPANY, | ) | Case No.: 1:20-cv-00049-SO |
| | ) | |
| Plaintiff, | ) | Judge Solomon Oliver, Jr. |
| | ) | |
| **v.** | ) | |
| | ) | **MOTION FOR JUDGMENT** |
| | ) | **ON THE PLEADINGS** |
| SHENZHEN VALUELINK E- | ) | |
| COMMERCE CO., LTD., et al., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT SHENZHEN JIEQI DIGITAL TECHNOLOGY CO., LTD.'S MOTION FOR JUDGMENT ON THE PLEADINGS

Pursuant to Federal Rule of Civil Procedure 12(c), Defendant Shenzhen Jieqi Digital Technology Co., Ltd. ("TOPVISION") moves for judgment on the pleadings for all claims asserted in Plaintiff The NOCO Company's ("NOCO") Complaint in this matter. As set forth more fully herein, NOCO's Complaint mentions TOPVISION only seven times in 280 paragraphs over 75 pages. NOCO's Complaint instead relies on general allegations against undifferentiated "Defendants," which do not satisfy NOCO's obligations under Rule 9(b) based on NOCO's allegations of fraud, or even the notice requirements of Rule 8.

A Memorandum in Support accompanies this Motion.

DATED: March 15, 2024

Respectfully submitted,

/s/ Brian S. Boerman
Alex S. Rodger (0089525)
STRAUSS TROY Co., LPA
150 E. Fourth Street, 4th Floor
Cincinnati, Ohio 45202-4018
Telephone: (513) 621-2120
Facsimile: (513) 241-8259
Email: asrodger@strausstroy.com

Brian S. Boerman (admitted *pro hac vice*)
Angela J. Bubis (admitted *pro hac vice*)
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO 80202
Telephone: (303) 863-9700
Facsimile: (513) 863-0223
Email: bboerman@sheridanross.com
         abubis@sheridanross.com
         litigation@sheridanross.com

*Counsel for Defendant Shenzhen Jieqi Digital Technology Co., Ltd.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| THE NOCO COMPANY, | ) | Case No.: 1:20-cv-00049-SO |
| | ) | |
| Plaintiff, | ) | Judge Solomon Oliver, Jr. |
| | ) | |
| **v.** | ) | |
| | ) | **MOTION FOR JUDGMENT** |
| | ) | **ON THE PLEADINGS** |
| | ) | |
| SHENZHEN VALUELINK E- | ) | |
| COMMERCE CO., LTD., et al., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANT SHENZHEN JIEQI DIGITAL TECHNOLOGY CO., LTD.'S MOTION FOR JUDGMENT ON THE PLEADINGS

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. iii

I.     RELEVANT FACTS ............................................................................................... 1

II.    LEGAL STANDARD .............................................................................................. 2

III.   ARGUMENT ........................................................................................................... 3

       A.     NOCO Fails to State a Claim for False Advertising ........................................... 3

              1.     NOCO Failed to Plead Its False Advertising Claim
                     With Particularity ...................................................................................... 3

              2.     NOCO Improperly Relies on Group Pleading and
                     Thus Fails to State a Claim Against TOPVISION ...................................... 5

       B.     NOCO Fails to State a Claim for Violation of the Ohio Unfair Trade
              Practices Law ....................................................................................................... 8

       C.     NOCO Fails to State a Claim for Tortious Interference with a
              Business Relationship ......................................................................................... 10

       D.     NOCO Fails to State a Claim for Trade Libel ................................................... 11

       E.     NOCO Fails to State a Claim for Civil Conspiracy ........................................... 12

IV.    CONCLUSION ........................................................................................................ 13

# TABLE OF AUTHORITIES

## Cases

*Accelerated Moving & Storage v. Herc Rentals, Inc.*,
  2022-Ohio-3016 (Ohio Ct. App. 2022)...................................................................................... 11

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)................................................................................................... 2, 5, 12

*Bobbelheads.com, LLC v. Wright Bros., Inc.*,
  259 F. Supp. 3d 1087 (S.D. Cal. 2017).................................................................................. 3

*Bowlers' Alley, Inc. v. Cincinnati Ins. Co.*,
  No. 13-13804, 2015 U.S. Dist. LEXIS 75201 (E.D. Mich. Apr. 30, 2015)............................ 3

*Cairelli v. Brunner*,
  2019-Ohio-1511(Ohio Ct. App. 2019)..................................................................................... 11

*Campfield v. Safelite Grp., Inc.*,
  91 F.4th 401, 2024 U.S. App. LEXIS 980 (6th Cir. Jan. 16, 2024).......................................... 7

*Ciccio v. SmileDirectClub, LLC*,
  No. 3:19-cv-00845, 2020 U.S. Dist. LEXIS 96568 (M.D. Tenn. June 2, 2020) ...................... 3

*DirecTV, Inc. v. Treesh*,
  487 F.3d 471 (6th Cir. 2007) ................................................................................................. 2

*FedEx Ground Package Sys. v. Route Consultant, Inc.*,
  661 F. Supp. 3d 765 (M.D. Tenn. 2023).................................................................................. 7

*Gentile v. Turkoly*,
  86 N.E.3d 991 (Ohio. App. Ct. 2017) ................................................................................... 10

*Heinz v. HSBC Mortg. Servs., Inc.*,
  No. 5:21-cv-542, 2021 U.S. Dist. LEXIS 203680 (N.D. Ohio Oct. 22, 2021)........................ 5

*Hillman Grp., Inc. v. Minute Key Inc.*,
  317 F. Supp. 3d 961 (S.D. Ohio 2018) ................................................................................... 8

*Icon Health & Fitness, Inc. v. ConsumerAffairs.com*,
  No. 1:16-cv-00168-DBP, 2017 U.S. Dist. LEXIS 97761 (D. Utah June 22, 2017) .................. 8

*Kenty v. Transamerica Premium Ins. Co.*,
  650 N.E. 2d 863 (Ohio 1995).................................................................................................. 10

*Koyo Corp. v. Comerica Bank*,
 No. 1:10 CV 2557, 2011 U.S. Dist. LEXIS 111880 (N.D. Ohio Sept. 29, 2011) ................... 12

*Kriwinsky v. Deligianis*,
 No. 1:22 CV 1599, 2023 U.S. Dist. LEXIS 119434 (N.D. Ohio May 10, 2023) ..................... 2

*Kurek v. Ohio Dep't of Dev. Disabilities*,
 No. 3:16CV623, 2017 U.S. Dist. LEXIS 65473 (N.D. Ohio Jan. 20, 2017) ............................ 5

*Lindsay v. Yates*,
 498 F.3d 434 (6th Cir. 2007) ................................................................................................ 2

*Marcus v. Swanson*,
 539 P.3d 605 (Kan. 2023) .................................................................................................... 7

*Papasan v. Allain*,
 478 U.S. 265 (1986) ............................................................................................................. 2

*Rikos v. Proctor & Gamble Co.*,
 782 F. Supp. 2d 522 (S.D. Ohio 2011) ................................................................................ 5

*Smith v. Bank of Am. Corp.*,
 485 F. App'x 749 (6th Cir. 2012) ........................................................................................ 3

*United States ex rel. Bledsoe v. Cmty. Health Sys.*,
 342 F.3d 634 (6th Cir. 2003) ............................................................................................... 4

*United States ex rel. Roycroft v. GEO Grp. Inc.*,
 722 F. App'x 404 (6th Cir. 2018) ........................................................................................ 3

*Woods v. Sharkin*,
 192 N.E.3d 1174 (Ohio Ct. App. 2022) ............................................................................. 12

**Rules**
Fed. R. Civ. P. 12 ....................................................................................................................... 2

TOPVISION respectfully moves for judgment on the pleadings under Fed. R. Civ. P. 12(c). For the reasons discussed below, NOCO's complaint fails to plausibly state a claim for relief against TOPVISION. NOCO's claims against TOPVISION should be dismissed, or at the very least narrowed significantly.

## I.  RELEVANT FACTS

In the Complaint, The Noco Company ("NOCO") asserts claims for false advertising, unfair trade practices, tortious interference, trade libel, and civil conspiracy against Shenzhen Jieqi Digital Technology Co., Ltd. ("TOPVISION"). (ECF No. 1.) NOCO's Complaint is based on allegations that the Defendants "defrauded" customers in various ways:

> Defendants are defrauding customers by: (i) manipulating Amazon's algorithms that award the Badge; (ii) creating false product reviews and ratings; and (iii) fraudulently describing their products, on the Amazon Marketplace, which in turn increases their sales to the detriment of their competitors, including NOCO.

(*Id.*, ¶ 152.) This alleged fraud is the basis for NOCO's claims.

However, the Complaint provides limited information about the claims against TOPVISION. In the 280 paragraphs of the Complaint, which span 75 pages, TOPVISION is mentioned a grand total of seven times, or less than once every ten pages.

TOPVISION first appears twice on page 6 of the Complaint, in a paragraph which merely identifies TOPVISION as a defendant. (*Id.*, ¶ 18.) TOPVISION then does not appear again for nearly twenty pages, with a single mention in a table page 27 of the Complaint, (*id.*, ¶ 115) and again on page 36 of the Complaint, (*id.* ¶. 125). Both of these mentions relate to a grade given to TOPVISION by some unnamed third-party software. (*Id.*, ¶ 114.) And rounding it out another thirty pages later, TOPVISION appears again three times on page 64 of the Complaint, in a paragraph which describes and shows a one-star rating from a TOPVISION customer that somehow harmed NOCO. (*Id.*, ¶ 224.)

1

In the rest of the Complaint, TOPVISION is lumped together with the ten other named defendants as the "Merchant Defendants" or, in other cases, with both the ten other Merchant Defendants and some unknown number of unnamed Service Defendants as the "Defendants." (*Id.*, ¶¶ 2–3.) In over three years since this case was filed, NOCO has not amended its Complaint to identify any of the Service Defendants. And nearly all of the allegations in the Complaint are directed to these undifferentiated groupings rather than to TOPVISION specifically.

## II.  LEGAL STANDARD

After the pleadings have closed, a defendant may move for judgment on the pleadings under Rule 12(c) on the basis that a plaintiff's complaint fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard of review as a motion to dismiss under Rule 12(b)(6). *Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007).

"When determining whether the plaintiff has stated a claim upon which relief may be granted, the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Kriwinsky v. Deligianis*, No. 1:22 CV 1599, 2023 U.S. Dist. LEXIS 119434, at *5 (N.D. Ohio May 10, 2023) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). But the plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at *6 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The moving party bears the burden of showing that the opposing party has failed to adequately state a claim for relief. *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

## III.   ARGUMENT

NOCO has failed to state a claim for any of the claims it has made against TOPVISION. In some cases, NOCO's claims are either not recognized under Ohio law or directly contradicted by NOCO's allegations. And NOCO has failed to sufficiently plead factual allegations to support any of its claims, all of which are based in fraud (*compare* ECF No. 1, ¶¶ 251, 262, 270, 274, 279 (identifying acts supporting each claim) *with id.*, ¶ 152 (characterizing those acts as fraudulent)) and thus subject to the particularity requirements of Rule 9(b).

### A.   <u>NOCO Fails to State a Claim for False Advertising</u>

### 1.   NOCO Failed to Plead Its False Advertising Claim With Particularity

Under Fed. R. Civ. P. 9(b), a party alleging fraud must state the circumstances constituting the fraud with particularity. This requires a plaintiff to pleading "the who, what, when, where, and how of the alleged fraud." *United States ex rel. Roycroft v. GEO Grp. Inc.*, 722 F. App'x 404, 406 (6th Cir. 2018).

NOCO's claims of false advertising—and all of its other claims—sound in fraud and thus are subject to the heightened pleading standards of Rule 9(b). Some courts have held that Rule 9(b) applies to all false advertising claims under the Lanham Act. *Ciccio v. SmileDirectClub, LLC*, No. 3:19-cv-00845, 2020 U.S. Dist. LEXIS 96568, at *29 (M.D. Tenn. June 2, 2020).

But even if the court disagreed, NOCO's claims would still be subject to the standards of Rule 9(b) because they "sound in fraud." *See Smith v. Bank of Am. Corp.*, 485 F. App'x 749, 752–53 (6th Cir. 2012). As one court has explained, Rule 9(b) "does not refer to claims or causes of action; instead, it regulates allegations." *Bowlers' Alley, Inc. v. Cincinnati Ins. Co.*, No. 13-13804, 2015 U.S. Dist. LEXIS 75201, at *6 (E.D. Mich. Apr. 30, 2015); *see also Bobbelheads.com, LLC v. Wright Bros., Inc.*, 259 F. Supp. 3d 1087, 1095 (S.D. Cal. 2017) (agreeing with the "weight of authority that Rule 9(b) applies to Lanham Act claims that are grounded in fraud.").

There can be little doubt that NOCO's claims sound in fraud. Indeed, NOCO's complaint directly states that the defendants are "defrauding consumers." (ECF No. 1, ¶ 152.) These allegations of defrauding consumers are the basis for NOCO's false advertising claim. (*Compare id.*, ¶ 152 *with id.*, ¶ 251.) And in connection with its false advertising claim, NOCO specifically alleges that the Merchant Defendants use the services of Service Defendants that "provide fraudulent, false and inaccurate review and ratings services and click farms services on the Amazon Marketplace." (*Id.*, ¶ 250.)

But NOCO's Complaint fails to comply with the requirements of Rule 9(b). It mostly does not allege that TOPVISION itself has done anything at all, instead relying on group pleading that obscures what it believes is TOPVISION's fraudulent conduct. As the Sixth Circuit has explained, a complaint "may not rely upon blanket references to acts or omissions by all of the 'defendants,' for each defendant named in the complaint is entitled to be apprised of the circumstances surrounding the fraudulent conduct with which he individually stands charged." *United States ex rel. Bledsoe v. Cmty. Health Sys.*, 342 F.3d 634, 644 (6th Cir. 2003).

A closer look at the allegations against TOPVISION (although only as one of the "Merchant Defendants") confirms this failing. NOCO's Complaint accuses TOPVISION of somehow falsifying reviews for NOCO's products, (ECF No. 1, ¶ 251), but fails to identify any allegedly false NOCO review at all, much less one for which it believes TOPVISION is responsible. NOCO's Complaint accuses TOPVISION of utilizing the Service Defendants' fraudulent review services, (*id.*), but does not identify any particular review or even a particular service defendant at issue. NOCO's Complaint accuses TOPVISION of directly providing false and misleading reviews and ratings, (*id.*), but again does not identify any particular review or

provide any factual allegations that would plausibly suggest that TOPVISION is responsible for any such reviews.

NOCO's claims that TOPVISION incentivizes its customers to write inaccurate, false, or misleading product reviews and ratings (*id.*) is successful only by comparison. NOCO identifies a single review from a TOPVISION consumer. (*Id.*, ¶ 224.) But NOCO fails to provide any explanation for how that review is false or misleading. *See Rikos v. Proctor & Gamble Co.*, 782 F. Supp. 2d 522, 536 (S.D. Ohio 2011). Again, NOCO fails to satisfy its pleading obligations for its claim.

### 2. NOCO Improperly Relies on Group Pleading and Thus Fails to State a Claim Against TOPVISION

Even if Rule 9(b) did not apply to NOCO's claim for false advertising, it still fails to state a claim because it does not provide notice of how TOPVISION specifically engaged in false advertising.

The Complaint refers to TOPVISION by name in only four of its 280 paragraphs. The remainder of the time, the Complaint broadly refers to the Defendants or the Merchant Defendants. But "[i]t is a basic pleading requirement that a plaintiff must attribute specific factual allegations to particular defendants." *Heinz v. HSBC Mortg. Servs., Inc.*, No. 5:21-cv-542, 2021 U.S. Dist. LEXIS 203680, at *6 (N.D. Ohio Oct. 22, 2021) (citing *Twombly*, 550 U.S. at 555). Complaints like NOCO's fail to satisfy the notice requirements of Rule 8(a), *id.* at *6–7, and thus fail to state a claim. *See also Kurek v. Ohio Dep't of Dev. Disabilities*, No. 3:16CV623, 2017 U.S. Dist. LEXIS 65473, at *16 (N.D. Ohio Jan. 20, 2017) ("[V]aguely lumping all defendants together without providing any factual allegations that specify separate acts fails to satisfy the *Iqbal/Twombly* standard." (internal quotations omitted)).

Indeed, in at least some instances NOCO appears to admit that not every Defendant is responsible for the same conduct. For example, NOCO states that "Merchant Defendants describe their products as having received" the UL 2743 certification. (ECF No. 1, ¶ 142.) But NOCO then goes on to reference the acts of "certain Merchant Defendants" that apparently do not include TOPVISION. (*Id.*, ¶ 146.) Similarly, despite apparently charging all Merchant Defendants with "incentiviz[ing their] own customers to write inaccurate, false, or misleading product reviews and ratings," (*id.*, ¶ 251), NOCO appears to acknowledge that "certain Merchant Defendants" provide incentives for customers to leave a positive review—and thus that some do not. (*Id.*, ¶ 106.) It is unclear whether TOPVISION is included in this group either, since NOCO provides only a one-star (formerly three-star) review from an alleged TOPVISION customer. Is it NOCO's contention that this is a positive review, or is TOPVISION not one of the "certain Merchant Defendants"? NOCO's undifferentiated pleading provides no answer.

In a case such as this, where NOCO alleges independent claims[1] against a large number of defendants based on various independent acts, pleading factual allegations with respect to the undifferentiated "Defendants" does not provide notice of the acts which TOPVISION and the other Defendants are specifically accused of.

NOCO's allegations also cannot establish a plausible claim for relief against TOPVISION. The elements of a claim for false advertising are (1) the defendant made false or misleading statements of fact concerning his product or another's; (2) the statement actually deceives or tends to deceive a substantial portion of the intended audience; (3) the statement is material in that it will likely influence the deceived consumer's purchasing decisions; (4) the advertisements were

---

[1] TOPVISION understands that each of the asserted claims, except for possibly the civil conspiracy claim, seeks to hold each defendant responsible for its own individual acts.

introduced into interstate commerce; and (5) there is some causal link between the challenged statement and harm to the plaintiff. *Campfield v. Safelite Grp., Inc.*, 91 F.4th 401, 2024 U.S. App. LEXIS 980, at *14 (6th Cir. Jan. 16, 2024).

But NOCO's Complaint fails to identify any specific statements that it contends are false or misleading that could satisfy the first element as to TOPVISION. As another court has explained in a false advertising case, NOCO had an obligation to plead facts capable of showing that it is entitled to relief and an "IOU is not sufficient." *FedEx Ground Package Sys. v. Route Consultant, Inc.*, 661 F. Supp. 3d 765, 785 (M.D. Tenn. 2023) (rejecting argument that a false advertising claim could rely on unenumerated statements).

NOCO has failed to identify any false or misleading statements (1) made by TOPVISION, directly or indirectly, about NOCO's products; (2) made by TOPVISION directly about its own products; or (3) made by any Service Defendant about TOPVISION's products, as alleged in connection with its false advertising claim. NOCO's claims based on these allegations must be dismissed. *See Campfield*, 2024 U.S. App. LEXIS 980, at *11–12 ("To state a Lanham Act claim for false advertising, a plaintiff must identify a deceptive or false statement made in 'commercial advertising or promotion' upon which his or her allegations are premised.").

The one statement that NOCO identifies that was allegedly made by TOPVISION's customer is no better. NOCO does not identify anything in the statement that is false or misleading. (ECF No. 1, ¶ 224.) Nor does NOCO plead any other facts that suggest that the review is false or misleading, or that the accompanying rating is false or misleading. Instead, the rating appears to be reasonable (for the original three stars) or extremely low (for the modified one-star) based on the review. NOCO cannot even establish that the star rating *is* a factual statement. *See Marcus v. Swanson*, 539 P.3d 605, 611 (Kan. 2023) ("The 1-star rating [on Yelp] . . . was not a statement that

may be true or false."); *Icon Health & Fitness, Inc. v. ConsumerAffairs.com*, No. 1:16-cv-00168-DBP, 2017 U.S. Dist. LEXIS 97761, at *27 (D. Utah June 22, 2017) ("[A] star rating does not convey any fact."). Even if NOCO could overcome this hurdle, NOCO cannot satisfy the other elements of its claim. For example, NOCO does not have a plausible claim that this one-star review somehow harmed NOCO, as required by element (5) above. Indeed, the Complaint only shows overall score for a different TOPVISION product, (ECF No. 1, ¶ 125), but even the three-star review would have decreased the overall score of 4.5 stars for that product and thus harmed TOPVISION, not NOCO.

## B. NOCO Fails to State a Claim for Violation of the Ohio Unfair Trade Practices Law

NOCO next asserts a claim under Ohio's Unfair Trade Practices Law, O.R.C. § 4165.02. Courts "evaluate an Ohio deceptive trade practices claim under the same analysis as that used for Lanham Act claims." *Hillman Grp., Inc. v. Minute Key Inc.*, 317 F. Supp. 3d 961, 968 (S.D. Ohio 2018).

NOCO asserts four bases for its claim under the Ohio Unfair Trade Practices Law. (ECF No. 1, ¶ 262.) One of these—"falsifying product reviews and ratings on Merchant Defendants' products and NOCO's products"—is the same as the basis for its false advertising claim. It therefore rises or falls with NOCO's Lanham Act claim. *Hillman Grp.*, 317 F. Supp. 3d at 968. The other three fare no better.

First, NOCO alleges a violation of the Ohio Unfair Trade Practices Law because Defendants have "manipulat[ed] Amazon's algorithms that award the Badge." (ECF No. 1, ¶ 262.) But "manipulating" an algorithm is not a false or deceptive statement and does not constitute a disparagement or representation of anything by TOPVISION. If anything, the badge is a statement by Amazon, not TOPVISION. (*Id.*, ¶¶ 46 (acknowledging that Amazon "controls" which products

receive the Badge), 49, 50, 58.) Furthermore, NOCO fails to plead this claim with particularity under Rule 9(b), which is required at least because NOCO specifically identifies this "manipulation" as fraudulent conduct. (*Id.*, ¶ 152.) And in any case, NOCO has failed to sufficiently plead the underlying basis of this claim, *i.e.*, that TOPVISION has falsified product reviews and ratings, as discussed above.

Second, NOCO alleges a violation of the Ohio Unfair Trade Practices Law because Defendants have "describ[ed] Merchant Defendants products as having received UL's 2743 safety standard certification." (*Id.*, ¶ 262.) This claim too is based on an allegation of fraud, (*id.*, ¶ 152 (accusing Defendants of "fraudulently describing their products")), but NOCO's Complaint does not satisfy the particularity requirements of Rule 9(b). Nor does NOCO plausibly allege that TOPVISION falsely described any of its products as having received the UL 2743 certification. Indeed, NOCO only alleges that "certain Merchant Defendants" have described their products as having received UL's 2743 certification. (*Id.*, ¶ 146.) And TOPVISION is not one of the defendants identified on this list.

And third, NOCO alleges a violation of the Ohio Unfair Trade Practices Law because Defendants have "create[ed] product reviews specifically designed to incite safety concerns regarding NOCO products." (*Id.*, ¶ 262.) Again, this claim is based on the Defendants' alleged fraud, (*id.*, ¶ 152 (accusing Defendants of "creating false product reviews and ratings")), but fails to comply with the particularity requirements of Rule 9(b) or even the notice requirements of Rule 8. As with the false reviews regarding NOCO as discussed above, NOCO fails to identify any particular product reviews at issue, much less any product review that it alleges that TOPVISION is responsible for.

9

NOCO's claims under the Ohio Unfair Trade Practices Law, which are judged under the same standards as its false advertising claim and are based on the same allegations of fraud, fail to plead TOPVISION's alleged fraudulent acts with particularity. And even if considered under Rule 8, NOCO's allegations still fail to state a plausible claim for relief.

**C.  <u>NOCO Fails to State a Claim for Tortious Interference with a Business Relationship</u>**

NOCO labels its third claim as one for tortious interference with a business relationship. (*Id.*, ¶¶ 266–271.) Regardless of the label, NOCO has failed to state a claim for relief.

The elements of a claim for "tortious interference with business relationship" are (1) the existence of a prospective business relationship; (2) the wrongdoer's knowledge thereof; (3) an intentional interference causing a breach or termination of the relationship; and (4) damages resulting therefrom." *Gentile v. Turkoly*, 86 N.E.3d 991, 996 (Ohio. App. Ct. 2017). But NOCO alleges an actual business relationship, not a prospective one, and acknowledges in the Complaint that it is still ongoing. (ECF No. 1, ¶ 267 ("NOCO and Amazon were ***and currently are engaged in a business relationship*** through PPC advertising agreements.") (emphasis added).) So NOCO cannot establish that any alleged interference by TOPVISION caused a breach or termination of the relationship.

NOCO's claim for tortious interference relies on the existence of a contract, (*id.*, ¶ 267), so NOCO may have intended to assert tortious interference with a contract. But that doesn't work here either. In order to recover for a claim of intentional interference with a contract, NOCO must prove (1) the existence of a contract; (2) the wrongdoer's knowledge of the contract, (3) the wrongdoer's intentional procurement of the contract's breach, (4) lack of justification, and (5) resulting damages. *Kenty v. Transamerica Premium Ins. Co.*, 650 N.E. 2d 863, 866 (Ohio 1995). NOCO does not allege that TOPVISION's actions caused Amazon to breach the PPC

advertisement agreements. And without a breach, NOCO's tortious interference claim cannot stand. *Cairelli v. Brunner*, 2019-Ohio-1511, ¶ 58 (Ohio Ct. App. 2019) ("Without a breach of contract there can be no tortious interference with contract.").

Even if NOCO could establish a breach of NOCO's contracts or relationship with Amazon, its claims would still fail. The alleged interference is based on the same allegations of falsifying product reviews as discussed above, as well as the alleged use of click farms to drive up NOCO's advertising costs. (ECF No. 1, ¶ 270.) NOCO explicitly alleges that these acts are fraudulent. (*Id.*, ¶¶ 152, 162, 250.) But NOCO has failed to plead TOPVISION's alleged underlying conduct with particularity (as required based on NOCO's allegations of fraud) or even to show such allegations are plausible under Rule 8. With reference to the click farms, for example, NOCO fails to provide any factual allegations whatsoever to suggest that TOPVISION specifically utilizes click farms, much less to particularly plead the specifics of TOPVISION's use of the click farms as required under Rule 9(b). It is not enough, under either Rule 9(b) or Rule 8, to charge TOPVISION with using click farms against NOCO merely because click farms exist and NOCO believes that someone may be using them to harm NOCO.

## D.  NOCO Fails to State a Claim for Trade Libel

NOCO's fourth claim is for trade libel. (ECF No. 1, ¶¶ 272–276.) However, "Ohio has not recognized a separate tort of trade libel, but has instead dealt with all commercial falsehoods within R.C. 4165[,] the statutes governing Deceptive Trade Practices, and has folded the claim into commercial disparagement" under O.R.C. § 4165.02(A)(10). *Accelerated Moving & Storage v. Herc Rentals, Inc.*, 2022-Ohio-3016, ¶ 10 (Ohio Ct. App. 2022). And to the extent that this claim is interpreted as a common-law libel claim, that claim too would fail because none of the alleged statements relate to NOCO's "integrity or credit." *Id.*, ¶ 11.

In addition, NOCO's trade libel claim is based on the same facts as its claims for false advertising and unfair trade practices. (ECF No. 1, ¶¶ 273–274.) The claim is based on an allegation that Defendants author false product reviews and ratings themselves or cause others to do so. (*Id.*, ¶ 274.) Once again, NOCO has labeled this as fraudulent conduct, (*id.*, ¶ 152), so the requirements of Rule 9(b) apply. Even if Ohio courts recognized a separate claim for "trade libel," the claim should be dismissed for the same reasons as discussed above.

### E.  **NOCO Fails to State a Claim for Civil Conspiracy**

Finally, NOCO asserts a claim for civil conspiracy based on some malicious combination "among Merchant Defendants and Service Defendants." (ECF No. 1, ¶¶ 277–280.) Under Ohio law, a claim for civil conspiracy requires proof of (1) a malicious conspiracy of two or more persons; (2) causing injury to another person or property; and (3) the existence of an unlawful act independent of the conspiracy itself. *Woods v. Sharkin*, 192 N.E.3d 1174, 1200 (Ohio Ct. App. 2022).

NOCO's complaint only generally alleges that "Defendants have entered into a malicious combination." (ECF No. 1, ¶ 278.) But a conspiracy claim "must be pled with some degree of specificity" and "vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim." *Koyo Corp. v. Comerica Bank*, No. 1:10 CV 2557, 2011 U.S. Dist. LEXIS 111880, at *28 (N.D. Ohio Sept. 29, 2011). As the Supreme Court has held, "[w]ithout more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality." *Twombly*, 550 U.S. at 556–57. Indeed, although the Complaint repeatedly uses the term conspire, it fails to allege any agreement or understanding between TOPVISION and any other party. *Koyo Corp.*, 2011 U.S. Dist. LEXIS 111880, at *29 (dismissing civil conspiracy claim because the complaint failed to

make specific allegations that defendant "engaged in a meeting, discussion or agreement to join in alleged wrongful conduct or a 'malicious conspiracy'").[2]

NOCO has failed to allege any material facts to support its vague and conclusory allegations of a malicious combination. And even if it had, NOCO has failed to plausibly allege the existence of an unlawful act independent of the conspiracy itself, as discussed above. Accordingly, NOCO's civil conspiracy claim must also be dismissed for failure to state a claim.

## IV.  CONCLUSION

For these reasons, Defendant requests that the Court grant the Motion and enter judgment against NOCO for failure to state a claim under Fed. R. Civ. P. 12(c).

---

[2] Notably, the Complaint alleges numerous facts that would show that even if the Defendants had engaged in the identified behavior, they would have been incentivized to do so without any agreement. (ECF No. 1, ¶¶ 53–56, 59, 63, 72, 96, 105–110, 138, 143–144, 162–165, 167–171.) As the Supreme Court has explained, even "conscious parallelism," where parties take common action based on their shared economic interests, does not establish an agreement. *Twombly*, 550 U.S. at 553–54.

DATED: March 15, 2024

Respectfully submitted,

/s/ Brian S. Boerman
Alex S. Rodger (0089525)
STRAUSS TROY Co., LPA
150 E. Fourth Street, 4th Floor
Cincinnati, Ohio 45202-4018
Telephone: (513) 621-2120
Facsimile: (513) 241-8259
Email: asrodger@strausstroy.com

Brian S. Boerman (admitted *pro hac vice*)
Angela J. Bubis (admitted *pro hac vice*)
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO 80202
Telephone: (303) 863-9700
Facsimile: (513) 863-0223
Email: bboerman@sheridanross.com
        abubis@sheridanross.com
        litigation@sheridanross.com

*Counsel for Defendant Shenzhen Jieqi Digital Technology Co., Ltd.*

## CERTIFICATE OF SERVICE

A copy of the foregoing was electronically served this 15th day of March 2024, in accordance with Rule 5(d)(1)(B) and this Court's CM/ECF Administrative Procedures upon all parties in the electronic filing system in this case.

/s/ Brian S. Boerman
Brian S. Boerman

## CERTIFICATE OF COMPLIANCE WITH PAGE LIMITS

This case has not been assigned to a track. The memorandum complies with the page limits set forth in Local Rule 7.1(f) for dispositive motions in unassigned cases because it does not exceed twenty pages in length.

/s/ Brian S. Boerman
Brian S. Boerman