UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THE NOCO COMPANY, | ) | Case No.: 1:20 CV 49 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| SHENZHEN VALUELINK, | ) | |
| E-COMMERCE CO., LTD., *et al.,* | ) | |
| | ) | |
| Defendants | ) | STATUS CONFERENCE ORDER |

The court held a telephonic status conference on the record with counsel for the parties in the above-captioned case on July 9, 2024, at 10:30 a.m., regarding the status of discovery. Consistent with the court's prior orders in the case, counsel for Defendant Guangzhou Unique Electronics Co., Ltd. ("Guangzhou") reiterated his continued difficulties with contacting his client for over two years. Counsel for Guangzhou indicated he would be filing a motion to withdraw as counsel for Guangzhou in the near term. Counsel for Plaintiff, the Noco Company ("Plaintiff" or "Noco") indicated that they would likely oppose such a motion.[1]

---

[1] Currently pending before the court are two unopposed Motions to Withdraw as Counsel (ECF Nos. 184, 185) filed by Defendant Shenzhen Gooloo E-Commerce Co., Ltd. ("Shenzhen Gooloo"). As indicated by the court's previous Status Conference Order, Shenzhen Gooloo recently retained new counsel, who have since entered appearances in the case. (*See* May 31, 2024 Order, ECF No. 179); (*see also* ECF Nos. 182, 183). Accordingly, the court hereby grants Shenzhen Gooloo's pending Motions to Withdraw.

The parties updated the court on the status of discovery, which remains ongoing. The parties also indicated that they are in the process of finalizing a protective order, which will facilitate the exchange of documents. NOCO is in the process of obtaining written discovery from two third parties—UL LLC and Amazon—which Plaintiff contends will be helpful in it and Defendants' respective evaluations of the various claims in this case. Plaintiff anticipates process will be completed within the next month. Plaintiff also informed the court that it would explore the possibility of obtaining declarations from the Defendants, who maintain that they have not committed the acts alleged in the Complaint. Attorneys Timothy Wang ("Wang") and Hao Ni, who represent a number of the Defendants, including Shenzhen Mediatek Tong Technology Co., Ltd. ("Shenzhen Mediatek") and Shenzhen Bi Te Yi Technology Co., Ltd. ("Shenzhen Bi Te Yi"), informed the court that they would be interested in engaging in mediation on behalf of all the clients they represent.[2] Plaintiff indicated that it would be open to mediation after the close of discovery, but maintained that mediation would be premature at this time.

Finally, the court also discussed the ongoing discovery dispute between Shenzhen Jeiqi Digital Technology Co., Ltd. ("TOPVISION") and Noco based on the background letters both parties had provided to the court. (*See* ECF Nos. 180, 187). At the status conference, the court indicated that NOCO should respond to TOPVISION's contention interrogatories after obtaining discovery from Amazon, provided that such discovery is completed in a reasonable amount of time. However, the court did not preclude the parties from filing motions to compel regarding other aspects of discovery if they so choose.

---

[2] Wang also informed the court that his clients Shenzhen Mediatek and Shenzhen Bi Te Yi are no longer operational.

In keeping with the court's intent to hold periodic status conferences throughout the remainder of this case, the court will hold its next telephonic status conference in the case on August 22, 2024, at 11:30 a.m.

IT IS SO ORDERED.

                                                                                       */s/ SOLOMON OLIVER, JR.*
                                                                                       UNITED STATES DISTRICT JUDGE

July 17, 2024