# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| THE NOCO COMPANY, | ) | Case No.: 1:20-cv-00049-SO |
| | ) | |
| Plaintiff, | ) | Judge Solomon Oliver, Jr. |
| | ) | |
| v. | ) | |
| | ) | **MOTION FOR SANCTIONS** |
| SHENZHEN VALUELINK E- | ) | |
| COMMERCE CO., LTD., et al., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT SHENZHEN JIEQI DIGITAL TECHNOLOGY CO., LTD.'S MOTION FOR SANCTIONS UNDER FED. R. CIV. P. 11

Pursuant to Federal Rule of Civil Procedure 11, Defendant Shenzhen Jieqi Digital Technology Co., Ltd. ("TOPVISION") moves for sanctions against Jon J. Pinney, Jonathon J. Groza, Michael D. Hoenig, and Kyle D. Stroup, and the law firm Kohrman Jackson and Krantz LLP. As set forth more fully herein, these attorneys for Plaintiff The NOCO Company ("NOCO") have presented pleadings and other court papers including factual allegations without any evidentiary basis, in violation of Fed. R. Civ. P. 11(b)(3). A Memorandum in Support accompanies this Motion.

DATED: August 22, 2024

                                          Respectfully submitted,

                                          */s/ Brian S. Boerman*
                                          Alex S. Rodger (0089525)
                                          STRAUSS TROY Co., LPA
                                          150 E. Fourth Street, 4th Floor
                                          Cincinnati, Ohio 45202-4018
                                          Telephone: (513) 621-2120

Facsimile: (513) 241-8259
Email: asrodger@strausstroy.com

Brian S. Boerman (admitted *pro hac vice*)
Angela J. Bubis (admitted *pro hac vice*)
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO 80202
Telephone: (303) 863-9700
Facsimile: (513) 863-0223
Email: bboerman@sheridanross.com
  abubis@sheridanross.com
  litigation@sheridanross.com

*Counsel for Defendant Shenzhen Jieqi Digital Technology Co., Ltd.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THE NOCO COMPANY, ) | Case No.: 1:20-cv-00049-SO |
| ) | |
| Plaintiff, ) | Judge Solomon Oliver, Jr. |
| ) | |
| v. ) | |
| ) | **MOTION FOR SANCTIONS** |
| ) | |
| SHENZHEN VALUELINK E- ) | |
| COMMERCE CO., LTD., et al., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT SHENZHEN JIEQI DIGITAL TECHNOLOGY CO., LTD.'S MOTION FOR SANCTIONS UNDER FED. R. CIV. P. 11**

TOPVISION respectfully moves for sanctions against Jon J. Pinney, Jonathon J. Groza, Michael D. Hoenig, and Kyle D. Stroup, and the law firm Kohrman Jackson and Krantz LLP under Fed. R. Civ. P. 11.

**I.      FACTUAL BACKGROUND**

NOCO filed its Complaint against TOPVISION, ten other named defendants, and an unknown number of John Doe Businesses on January 9, 2020. (ECF No. 1.) The Complaint was signed by Jon J. Pinney of Kohrman Jackson and Krantz LLP. (*Id.* at 76.) Jon J. Groza of Kohrman Jackson and Krantz LLP was also listed on the pleading. (*Id.*)

In the Complaint, NOCO accused TOPVISION of false advertising, violation of the Ohio Unfair Trade Practices Act, tortious interference, trade libel, and civil conspiracy for a wide range of alleged conduct, including using fraudulent review services; incentivizing its own customers to write inaccurate, false or misleading product reviews and ratings; directly providing false and misleading reviews and ratings concerning TOPVISION and NOCO products; falsely describing

1

TOPVISION products as having received safety standard certifications; creating product reviews specifically designed to incite safety concerns regarding NOCO products; utilizing click farms to drive up NOCO's advertising costs; and conspiring with the other defendants to harm NOCO. (*Id.* ¶¶ 247-279.)

But despite these claims, NOCO's Complaint is conspicuously devoid of any facts connecting TOPVISION to the alleged conduct. In fact, TOPVISION is mentioned by name only seven times in the entire Complaint; it is otherwise lumped together as one of the undifferentiated "Defendants" or "Merchant Defendants." And the only facts related to TOPVISION are (1) that an unnamed third-party software tool indicates that one TOPVISION product has "high deception," without any description of what that means and how it was determined (*id.* ¶¶ 115, 125); and (2) that a single TOPVISION customer made a reference to a free gift for writing a review (*id.* ¶ 224).

Although TOPVISION does not believe that these claims have any merit, it has attempted to discover the basis for NOCO's claims so that it can refute them. NOCO has consistently failed to provide any support whatsoever, much less an evidentiary basis, for its claims and/or factual allegations.

In March, TOPVISION filed a Motion for Judgment on the Pleadings (the "Motion") arguing that NOCO has failed to identify the alleged fraudulent acts with specificity. (ECF No. 170.) NOCO could have sought to file an amended Complaint to provide more detail about its Complaint. It did not.

Instead, NOCO filed a response to the Motion ("Response") which was signed by Jon J. Pinney and also listed Jonathon W. Groza, Michael D. Hoenig, and Kyle D. Stroup on the signature block. (ECF No. 177 p. 15.) The Response realleged many of the same broad allegations from the

2

Complaint; but NOCO also argued that the relevant facts are exclusively in the knowledge and control of TOPVISION. (*Id.* pp. 6-7.)

Most recently, NOCO served discovery which included a set of interrogatories seeking information supporting and/or the basis for NOCO's claims. (Declaration of Brian Boerman filed concurrently herewith ("Boerman Decl."), ¶ 3.) NOCO refused to respond, arguing that the information sought by TOPVISION was "untimely" and "premature." (Boerman Decl. ¶ 4; Ex. A.) But tellingly, NOCO also objected that the requested information is "more appropriate for a Request propounded upon, rather than by, TOPVISION," suggesting that it has no information to support its contentions in the Complaint. (*Id.*)

Indeed, during a meet and confer on May 21, 2024, NOCO's attorneys Michael D. Hoenig and Robert Zulandt took the position that they could not provide any further information (other than the "detailed allegations" in the Complaint) until they received discovery from TOPVISION. (Boerman Decl. ¶¶ 5-6.)

TOPVISION served its motion on NOCO's counsel more than twenty-one days before the filing of this motion. (Boerman Decl. ¶ 7.) As of the date this motion was served on NOCO, despite repeated attempts from TOPVISION, NOCO has failed to provide any facts to support its claims other than the two facts identified in the Complaint. (Boerman Decl. ¶ 8.) Nor has NOCO produced any documents whatsoever to TOPVISION. (Boerman Decl. ¶ 9.)

## II. LEGAL STANDARD

Pursuant to Fed. R. Civ. P., an attorney who submits any paper to the Court certifies that, among other things, the factual contentions in the paper have evidentiary support. Fed. R. Civ. P. 11(b)(3). "[T]he central purpose of Rule 11 is to deter baseless fillings in district court . . ." *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 393 (1990).

3

Consistent with this purpose, the Sixth Circuit has interpreted Rule 11 to require attorneys "to conduct a reasonable investigation and uncover evidentiary support for fact allegations *before* filing the complaint." *United States ex rel. Tingley v. PNC Fin. Servs. Grp.*, 705 F. App'x 342, 347 (6th Cir. 2017) (emphasis in original); *see also King v. Whitmer*, 71 F.4th 511, 521 (6th Cir. 2023) (noting that Rule 11 "mandates that attorneys engage in a reasonable prefiling inquiry to ensure that a pleading or motion is well grounded in fact"); *Merritt v. Int'l Machinists & Aero. Workers*, 613 F.3d 609, 626 (6th Cir. 2010) (noting that Rule 11 "stresses the need for some pre-filing inquiry into both the facts and the law to satisfy the affirmative duty imposed"). And Rule 11 also imposes a "duty of candor" that requires that attorneys not misrepresent the evidence supporting their claims. *King*, 71 F.4th at 521.

There is no bad faith requirement for finding a violation of Rule 11. *See Nieves v. City of Cleveland*, 153 F. App'x 349, 353 (6th Cir. 2005) (applying "an objective standard, intended to eliminate any 'empty-head pure-heart' justification for patently frivolous arguments"). Rather, the test for imposition of Rule 11 sanctions is an objective standard of "reasonableness under the circumstances." *Merritt*, 613 F.3d at 626. But this "reasonableness" standard requires more than mere conjecture or speculation; a "shot in the dark" is not enough. *Thompson v. Renner*, No. 21-1366, 2022 U.S. App. LEXIS 11706, at *26 (6th Cir. Apr. 28, 2022); *see also Lasater v. Goss*, No. 90-CV-40154-FL, 1991 U.S. Dist. LEXIS 19716, at *12 n.4 (E.D. Mich. July 25, 1991) ("Justifiably hoping . . . to find evidence to support the claims asserted in the complaint, is not a defense to Rule 11 sanction motion."). Indeed, the Sixth Circuit has held that a ruling allowing discovery that "*may* uncover substantiating facts . . . undercuts counsel's Rule 11 obligation to conduct a reasonable investigation *before* filing the complaint." *Johnson v. Moseley*, 703 F.3d 649, 656 (6th Cir. 2015) (emphasis in original).

4

"After a Rule 11 motion is filed, alleging that a claim is frivolous, the burden shifts to the non-movant to show that its pre-suit investigation was reasonable." *John Keeler & Co. v. Heron Point Seafood, Inc.*, No. 1:14 CV 1652, 2016 U.S. Dist. LEXIS 171696, at *14 (N.D. Ohio July 8, 2016).

When a Rule 11 violation is found, a court may sanction "any attorney, law firm, or party that violated the rule." Fed. R. Civ. P. 11(c)(1). District courts have "broad discretion" to craft the appropriate sanction. *Lindsay v. Pizza Hut of Am.*, 57 F. App'x 648, 651 (6th Cir. 2003). By statute, the sanction may include nonmonetary directives, an order to pay a penalty into court, or an order to pay the movant part or all of the reasonable attorney's fees and other expenses directly resulting from the violation. Fed. R. Civ. P. 11(c)(4). The penalty must be sufficient "to deter repetition of the conduct or comparable conduct by others similarly situated." *Id.*

### III. ARGUMENT

NOCO has repeatedly made multiple factual allegations that it has been unable to support. The Court should sanction NOCO's attorneys and their law firm under Rule 11.

**A. NOCO Has Made Multiple Unsupported Factual Allegations For Which It Has Failed to Provide Any Evidentiary Support**

NOCO's Complaint and Response include multiple factual allegations. Other than the broad allegations, NOCO's Complaint—which includes only two items of evidentiary support about TOPVISION's conduct—provides no suggestion of any evidentiary support whatsoever for these claims. And in both the Response and their discovery responses, NOCO has taken the position that it is unable to provide any evidentiary support until it conducts discovery. These actions confirm that NOCO had and has no evidentiary support for these allegations, and that NOCO's attorneys have violated Rule 11.

**1. Allegations That TOPVISION is Responsible for False Product Reviews of NOCO Products**

5

NOCO has alleged throughout the Complaint and in other court papers that TOPVISION is responsible for false product reviews and ratings of NOCO products. For example, NOCO alleges in the Complaint that TOPVISION "[a]uthor[s], solicit[s], or obtain[s] false product reviews and ratings on NOCO's and other competitors' products." (Complaint ¶ 4.) Similarly, in the Response, NOCO reiterated its allegation that TOPVISION "creates . . . false negative product reviews and ratings for NOCO's products." (Response p. 2.) And these factual allegations are a basis for all of NOCO's claims. (Complaint ¶¶ 251, 262, 270, 274, 279.)

More than four years into this case, NOCO has failed to offer any support whatsoever for this allegation. The two factual allegations in the Complaint that are specifically about TOPVISION are unrelated to any NOCO product, and despite repeated opportunities NOCO has failed to offer any other support for its claim. For example, when asked to identify any statement made by or on behalf of TOPVISION (including "the false product reviews that were specifically designed to incite safety concerns regarding NOCO's products and/or the falsified product reviews on NOCO's products, as alleged in the Complaint") (Ex. A, Rog. 7), NOCO not only did not identify any such statements but stated that the Request was "more appropriate for a Request propounded upon, rather than by, TopVision," confirming that NOCO has no information on which it could have based this allegation. The claim is without evidentiary support and therefore violates Rule 11.

2. **Allegations that TOPVISION has incited safety concerns about NOCO Products**

Not content with the broad allegation about false reviews and ratings of NOCO products, NOCO also claims that TOPVISION has incited safety concerns about NOCO Products. For example, NOCO alleges in the Complaint that Topvision "create[s] false safety concerns regarding a product" using keywords such as "fire," "exploded," or "blew up." (Complaint ¶¶ 138-139; *see*

6

*also* ¶ 226 (alleging that TOPVISION "use[s] keywords such as 'fire,' 'exploded,' and 'blew up' in their reviews").) Similarly, in the Response, NOCO reiterated its allegation that Topvision "creat[es] false safety concerns so that NOCO products are removed from the Amazon Marketplace." (Response p. 2.) And this allegation is a basis for at least NOCO's claim under the Ohio Deceptive Trade Practices Act. (Complaint ¶ 262.)

Here, too, NOCO has failed to offer any support whatsoever for this allegation. The two factual allegations in the Complaint that are specifically about TOPVISION are unrelated to any NOCO product, much less the creation of a safety concern for any such product, and despite repeated opportunities NOCO has failed to offer any other support for its claim. For example, when asked to identify any statement made by or on behalf of TOPVISION (including "the false product reviews that were specifically designed to incite safety concerns regarding NOCO's products and/or the falsified product reviews on NOCO's products, as alleged in the Complaint") (Ex. A. Rog. 7), NOCO not only did not identify any such statements but stated that the Request was "more appropriate for a Request propounded upon, rather than by, TopVision," confirming that NOCO has no information on which it could have based this allegation. The claim is without evidentiary support and therefore violates Rule 11.

### 3. Allegations that TOPVISION Has Written False Reviews for Its Own Products

Separate and apart from allegedly incentivizing customers to write reviews, NOCO also alleges that TOPVISION has itself written false reviews for TOPVISION products. For example, NOCO alleges in the Complaint that TOPVISION "takes another brazen step: authoring false positive reviews on their own products." (Complaint ¶ 221; *see also* ¶¶ 97 (accusing TOPVISION of "author[ing] the false product review and rating themselves"); 226.) Similarly, in the Response, NOCO reiterated its allegations that "Topvision creates false positive product reviews and ratings

7

for its own products." (Response p. 2.) And these factual allegations are a basis for all of NOCO's claims. (Complaint ¶¶ 251, 262, 270, 274, 279.)

Again, NOCO has failed to offer any support whatsoever for this allegation. This is a separate and distinct allegation from incentivizing TOPVISION's customers to review a product, and cannot be supported by the mere allegation that TOPVISION's product has "high deception," whatever that means, particularly where NOCO alleges that TOPVISION is incentivizing customers to write reviews. Indeed, in the absence of an explanation for how the unnamed software measures deception, it is unclear whether NOCO would be justified in relying on the software's determination at all.[1] And despite repeated opportunities NOCO has failed to offer any other support for its claim. For example, when asked to identify any false or misleading statement made by TOPVISION (Ex. A, Rog. 2), NOCO not only did not identify any such statements but stated that the Request was "more appropriate for a Request propounded upon, rather than by, TopVision," confirming that NOCO has no information on which it could have based this allegation. The claim is without evidentiary support and therefore violates Rule 11.

4. **Allegations that TOPVISION Has Engaged Third Parties to Post False Reviews and Ratings**

Again distinct from its allegations of allegedly incentivizing customers to write reviews, NOCO further alleges that TOPVISION has engaged third parties to post false reviews and ratings. For example, NOCO alleges in the Complaint that TOPVISION "engage[s]s companies, including Service Defendants, to post false product reviews and ratings." (Complaint ¶ 97; *see also* ¶¶ 108,

---

[1] Particularly where NOCO alleges that NOCO's products get high scores despite the factual allegation that Defendants have targeted NOCO products with false reviews and ratings. *See Ohio Midland, Inc. v. Proctor*, No. C2-05-1097, 2006 U.S. Dist. LEXIS 85888, at *14 (S.D. Ohio Nov. 28, 2006) ("Plaintiffs may not, under Rule 11 limitations, assert contradictory statements of fact unless Plaintiffs are legitimately in doubt about the facts in question.").

8

178.) These factual allegations appear to be a basis for all of NOCO's claims. (Complaint ¶¶ 251, 262, 270, 274, 279.)

Again, NOCO has failed to offer any support whatsoever for this allegation. For example, when asked to identify any false or misleading statement made on behalf of TOPVISION (Ex. A, Rog. 2), NOCO not only did not identify any such statements but stated that the Request was "more appropriate for a Request propounded upon, rather than by, TopVision," confirming that NOCO has no information on which it could have based this allegation. The claim is without evidentiary support and therefore violates Rule 11.

### 5. Allegations that TOPVISION has Created False Accounts

A more specific allegation about TOPVISION's own activities is that it creates false accounts to perform these actions. For example, NOCO alleges in the Complaint that TOPVISION "create[s] fake Amazon accounts in order to leave false product reviews and ratings, mark false reviews as Helpful Reviews, and/or disingenuously use the Helpful Reviews feature." (Complaint ¶ 107; *see also* ¶¶ 180, 221, 226.)

Given that NOCO does not even have any evidence that TOPVISION writes false reviews for its own products or otherwise performs the alleged deceptive acts, it cannot have factual support for the more specific claim that TOPVISION uses fake accounts to do so. This claim is again without evidentiary support and violates Rule 11.

### 6. Allegations that TOPVISION Falsely Claimed to Possess Certification Marks

NOCO further alleges, without any factual support, that TOPVISION falsely claimed to possess certification trademarks. For example, NOCO alleges in the Complaint that TOPVISION "[f]alsely claim[s] to have obtained valuable certifications related to compliance with industry safety standards." (Complaint ¶ 4; *see also* ¶¶ 140; 152 (accusing TOPVISION of "fraudulently

9

describing their products"); 214 (alleging that TOPVISION "display[s] valuable UL certification trademarks on [its] products when in fact [TOPVISION is] not authorized to display such a trademark").) These allegations are a basis for at least NOCO's claim under the Ohio Deceptive Trade Practices Act. (*Id.* ¶ 262.)

Yet again, NOCO has failed to offer any support whatsoever for this allegation. The two factual allegations in the Complaint that are specifically about TOPVISION are unrelated to any safety certification trademark, and despite repeated opportunities NOCO has failed to offer any other support for its claim. For example, when asked to identify any false or misleading statement made by TOPVISION (including "each instance in which TOPVISION has falsely described any TOPVISION Product as having received any third-party certification trademark" (Ex. A, Rog. 2)), NOCO not only did not identify any such statements but stated that the Request was "more appropriate for a Request propounded upon, rather than by, TopVision," confirming that NOCO has no information on which it could have based this allegation. The claim is without evidentiary support and therefore violates Rule 11. Indeed, NOCO basically admits as much by acknowledging that it does not have evidence that each of the defendants engaged in this conduct. (*Id.* ¶ 146 (alleging that "certain Merchant Defendants" not including TOPVISION failed to properly display the UL 2743 certification).)

### 7. Allegations That TOPVISION Used Click Farms

NOCO also repeatedly alleges that TOPVISION has weaponized click farms against it. For example, NOCO alleges in the Complaint that TOPVISION "[a]buse[s] the infrastructure of the Amazon Marketplace to drive up advertising costs through the use of click farms." (Complaint ¶ 4; *see also* ¶¶ 21; 160; 161; 173; 183 (alleging that TOPVISION "us[es] Service Defendants' click farms to falsify web traffic and increase honest companies', including NOCO's, advertising

10

costs."); 204; 238.) NOCO further alleges that TOPVISION "[e]mploy[s] a third-party, such as Service Defendants, to click the competitor's advertisements." (*Id.* ¶ 163.) Similarly, in the Response, NOCO reiterated its allegation that TOPVISION "utilizes click farms to manipulate Amazon's pay-per-click advertising." (Response p. 3.) And these allegations are a basis for at least NOCO's false advertising and tortious interference claims. (Complaint ¶¶ 250, 270.)

Once again, NOCO has failed to offer any support whatsoever for this allegation. The two factual allegations in the Complaint that are specifically about TOPVISION are unrelated to click farms, and despite repeated opportunities NOCO has failed to offer any other support for its claim. For example, when asked to identify the basis for and evidence supporting the fact that TOPVISION used any fraudulent third party service "including . . . any Click Farm service" (Ex. A, Rog. 9), NOCO not only did not identify any such statements but argued that the request was "premature," confirming that NOCO has no information on which it could have based this allegation but intends to seek discovery to attempt to justify its allegation. The claim is without evidentiary support and therefore violates Rule 11.

8. **Allegations That TOPVISION Conspired with Other Defendants**

NOCO also baselessly alleges a conspiracy between TOPVISION and the other defendants. For example, in the Complaint NOCO makes the bare allegation that TOPVISION "conspire[s] together [with other defendants] to increase Merchant Defendants' sales and harm competitors, including NOCO." (Complaint ¶ 4; *see also* ¶ 41 (accusing TOPVISION of "conspiring [with the other Merchant Defendants] to harm the honest companies selling on the Amazon Marketplace").) NOCO repeats the bare allegation that TOPVISION "conspire[es] to author and publish false product reviews and ratings" in the Response. (Response p. 14.) These allegations are the basis for NOCO's civil conspiracy claim. (Complaint ¶ 279.)

11

NOCO has failed to offer any support whatsoever for this allegation. The two factual allegations in the Complaint that are specifically about TOPVISION are unrelated to any alleged conspiracy with any other defendant, and despite repeated opportunities NOCO has failed to offer any other support for its claim. For example, when asked to identify the basis for and evidence supporting the allegation that TOPVISION entered into a malicious combination "as alleged, for example, in Paragraph 278 of the Complaint" (Ex. A, Rog. 10), NOCO not only did not identify any basis or evidence but stated that the Request was "more appropriate for a Request propounded upon, rather than by, TopVision," confirming that NOCO has no information on which it could have based this allegation. The claim is without evidentiary support and therefore violates Rule 11.

**9. Allegations that TOPVISION Products Have Been Awarded the Amazon's Choice Badge**

NOCO also alleges that TOPVISION products have been awarded the Amazon's Choice Badge, which harmed TOPVISION. For example, NOCO alleges in the Complaint that TOPVISION "manipulate[s] Amazon's algorithms so that [TOPVISION] is awarded the Badge." (Complaint ¶ 91; *see also* ¶¶ 4.i (accusing TOPVISION of manipulating Amazon's algorithms "such that Merchant Defendants' products receive the Badge"); 86; 176.) NOCO further alleges that TOPVISION is "awarded the Badge roughly 97% of the time when either generic or branded searches are performed. (*Id.* ¶ 198.) This allegation is an important part of at least NOCO's claim for false advertising. (*Id.* ¶ 254.)

NOCO has failed to offer any support whatsoever for this allegation. The two factual allegations in the Complaint that are specifically about TOPVISION are unrelated to the Badge, and despite repeated opportunities NOCO has failed to offer any other support for its claim. For example, when asked to identify the basis for and evidence supporting the allegation that any

12

TOPVISION product was awarded the Amazon's Choice Badge (Ex. A, Rog. 14), NOCO not only did not identify any basis or evidence but stated that the Request was "more appropriate for a Request propounded upon, rather than by, TopVision," confirming that NOCO has no information on which it could have based this allegation. The claim is without evidentiary support and therefore violates Rule 11.

### 10. Allegations That TOPVISION Manipulates Helpful Reviews

NOCO also alleges that TOPVISION manipulates Helpful Reviews. For example, NOCO alleges in the Complaint that TOPVISION "[m]arks false reviews as Helpful Reviews, and/or disingenuously use[s] the Helpful Review feature." (Complaint ¶ 107; *see also* ¶¶ 221; 226.)

NOCO has failed to offer any support whatsoever for this allegation. The two factual allegations in the Complaint that are specifically about TOPVISION are unrelated to Helpful Reviews, and despite repeated opportunities NOCO has failed to offer any other support for its claim. For example, to the extent that NOCO alleges this is a type of false or misleading statement (Ex. A, Rog. 2), NOCO not only did not identify any such statements but stated that the Request was "more appropriate for a Request propounded upon, rather than by, TopVision," confirming that NOCO has no information on which it could have based this allegation. The claim is without evidentiary support and therefore violates Rule 11.

### 11. Other Unsupported Allegations

NOCO has also made other unsupported allegations against TOPVISION. For example, NOCO alleges that:

- TOPVISION "will ship an empty box with a real tracking number to accomplices in the U.S., who then leave a positive review for the product. They'll also ship back knick-knacks, like cheap watches, as a way to reward people who allow the use of their addresses." (Complaint ¶ 109.)
- TOPVISION "now use[s] third-party subscription software tools that evade the Amazon Marketplace's fraud-detection defenses." (*Id.* ¶ 154.)

13

- TOPVISION "ha[s] also refused returns, refunds, and warranty claims unless the consumer writes a review." (*Id.* ¶ 179.)

NOCO has no factual support for these allegations. And although these specific allegations do not appear to form any part of NOCO's claims, that does not matter: "Federal Rule of Civil Procedure 11 requires **every** factual allegation and legal contention to have a reasonable basis." *Jae June Pak v. Six Unknown Names*, No. 1:13-cv-00750-AWI-SAB (PC), 2013 U.S. Dist. LEXIS 75460, at *4 (E.D. Cal. May 29, 2013) (emphasis added).

NOCO has made repeated unsupported factual allegations and, when pressed for any support, has been unable to provide it. Rule 11 demands more.

### B. Sanctions Should Be Ordered Against NOCO's Attorneys and Its Law Firm

The Court should sanction Jon J. Pinney for his violation of Rule 11. Mr. Pinney signed both the Complaint and Response which, as detailed herein, contain multiple factual allegations without evidentiary support. (ECF Nos. 1, 177.)

The Court should also sanction the other attorneys listed on the Complaint (Jon W. Groza) and the Response (Jonathon W. Groza, Michael D. Hoenig, and Kyle D. Stroup). The Sixth Circuit has acknowledged that it is not necessary for an attorney to sign the Complaint to be subject to Rule 11 sanctions; rather, being listed on the Complaint or Response is enough in the absence of evidence that the attorney played only a minimal role in connection with the papers. *See King*, 71 F.4th at 531-32 (affirming sanctions on attorney whose name appeared on the complaint); *see also Ark. Teacher Ret. Sys. v. State St. Corp.*, 25 F.4th 55, 64 (1st Cir. 2022) (finding that an attorney "presents" a paper for purposes of Rule 11(b) if they allow their name to be placed on the signature page). And the Sixth Circuit has also confirmed that the Court need not undertake an individual analysis of an attorney's conduct before issuing sanctions. *King*, 71 F.4th at 532.

The Court should also sanction the law firm Kohrman Jackson & Krantz LLP. Fed. R. Civ. P. 11 specifically states that "[a]bsent exceptional circumstances, a law firm must be held jointly liable for a violation committed by its partner, associate, or employee." Fed. R. Civ. P. 11(c)(1). There are no such special circumstances here.

At this time, TOPVISION does not request sanctions against NOCO as a represented party. However, TOPVISION reserves the right to seek such sanctions if information that NOCO was in some way responsible for the Rule 11 violation comes to light.

### C. The Court Should Issue Sanctions Sufficient to Deter Further Rule 11 Violations

The Court should consider the full array of potential options in crafting an appropriate sanction against NOCO's attorneys and its law firm. Given the breadth of the unsupported allegations and NOCO's attorney's actions in frustrating TOPVISION's attempts to discover any factual basis (or lack thereof) for its claims, TOPVISION submits that it would be appropriate to award TOPVISION its legal fees, including its legal fees for preparing the motion for judgment on the pleadings, any discovery efforts directed at attempting to discover the basis of NOCO's allegations, and preparing this motion.

DATED: August 22, 2024

                      Respectfully submitted,

                      */s/ Brian S. Boerman*
                      Alex S. Rodger (0089525)
                      STRAUSS TROY Co., LPA
                      150 E. Fourth Street, 4th Floor
                      Cincinnati, Ohio 45202-4018
                      Telephone: (513) 621-2120
                      Facsimile: (513) 241-8259
                      Email: asrodger@strausstroy.com

                      Brian S. Boerman (admitted *pro hac vice*)
                      Angela J. Bubis (admitted *pro hac vice*)
                      SHERIDAN ROSS P.C.
                      1560 Broadway, Suite 1200
                      Denver, CO 80202
                      Telephone: (303) 863-9700
                      Facsimile: (513) 863-0223
                      Email: bboerman@sheridanross.com
                                abubis@sheridanross.com
                                litigation@sheridanross.com

*Counsel for Defendant Shenzhen Jieqi Digital Technology Co., Ltd.*

**CERTIFICATE OF SERVICE**

    A copy of the foregoing was electronically served this 22nd day of August 2024, in accordance with Rule 5(d)(1)(B) and this Court's CM/ECF Administrative Procedures upon all parties in the electronic filing system in this case.

                                                         */s/ Brian S. Boerman*
                                                         Brian S. Boerman

**CERTIFICATE OF COMPLIANCE WITH PAGE LIMITS**

This case has not been assigned to a track. The memorandum complies with the page limits set forth in Local Rule 7.1(f) for dispositive motions in unassigned cases because it does not exceed fifteen pages in length.

>                                    */s/ Brian S. Boerman*
>                                    Brian S. Boerman