**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| THE NOCO COMPANY, | CASE NO. 1:20-cv-00049- SO |
| Plaintiff, | JUDGE: SOLOMON OLIVER, JR. |
| v. | |
| SHENZHEN VALUELINK E-COMMERCE CO., LTD., et al., | |
| Defendants. | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S**
**MOTION TO DISMISS WITHOUT PREJUDICE, AND**
**GOOLOO'S MOTION TO DISMISS WITH PREJUDICE**

Defendant Shenzhen Gooloo E-Commerce Co., Ltd. ("Gooloo"), by and through counsel and pursuant to Fed. R. Civ. P. 41(b), respectfully moves this Court to dismiss The NOCO Company's Complaint *with prejudice*.

A memorandum in support of this Motion, the declaration of Heath L. Hyatt, Exhibits A-D, and a proposed Order are filed herewith which further support this Motion

## TABLE OF CONTENTS

I.  INTRODUCTION ....................................................................................................... 1

II.  FACTS AND PROCEDURAL BACKGROUND .............................................................. 2

    A.  NOCO Has Done Little to Advance its Case Against Gooloo for Years ....................... 2
    B.  NOCO Refused to Engage in Meaningful Discovery ....................................... 2
    C.  NOCO has not Diligently Pursued its Subpoena to Amazon ........................... 3

III.  NOCO's REQUEST FOR DISMISSAL WITHOUT PREJUDICE SHOULD BE
DENIED .................................................................................................................... 5
    A.  Legal Standard for a Fed. R. Civ. P. 41(a)(2) Dismissal Without Prejudice ................. 6
    B.  Dismissing this Case Without Prejudice Would Cause Gooloo Legal Prejudice ........... 7
    C.  NOCO Failed to Diligently Prosecute Its Claims .......................................... 10
    D.  NOCO's Explanation for Dismissal with Prejudice Makes No Sense ........................... 11

IV.  NOCO'S COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE .................... 12

    A.  Legal Standard for Rule 41(b) ...................................................................... 12
    B.  NOCO Willfully Failed to Pursue its Claims .................................................. 13
    C.  NOCO's Failure to Prosecute its Case will Prejudice Gooloo. ...................................... 13
    D.  NOCO was Repeatedly Warned That the Court Would Not Grant NOCO Any Further
Extensions to Complete Discovery .......................................................................... 13
    E.  The Court Tried Vigorously to Push NOCO to Pursue its Claims, All to No Avail ...... 14

V.  CONCLUSION ........................................................................................................ 14

## <u>TABLE OF AUTHORITIES</u>

CASES                                                                                      PAGE

*Benick v. Nanogate N. Am., LLC*,
    No. 1:22-CV-01479-PAB, 2023 WL 4235530 (N.D. Ohio June 27, 2023) ....................12, 13

*Cincinnati Ins. Co. v. Simplex Grinnell, LP*,
    No. 4:11CV106, 2011 WL 4102205 (N.D. Ohio Sept. 9, 2011) ...............................9

*Cramton v. Siemens Energy & Automation, Inc.*,
    No. C-1-08CV579, 2009 WL 10679074 (S.D. Ohio May 1, 2009) ........................8

*Emmons v. Miller Elec. Mfg. Co.*,
    No. 08-2400, 2009 WL 10700388 (W.D. Tenn. July 30, 2009)...............................7

*Grover by Grover v. Eli Lilly & Co.*,
    33 F.3d 716 (6th Cir. 1994) ..........................................................6, 7, 9

*Knoll v. Am. Tel. & Tel. Co.*,
    176 F.3d 359 (6th Cir.1999) ..........................................................12

*Ledbetter v. Schottenstein Prop. Grp.*,
    LLC, No. 2:20-CV-1037, 2023 WL 8649895 (S.D. Ohio Dec. 14, 2023) ...........................6, 8

*Malibu Media, LLC v. [Redacted]*,
    705 F. App'x 402 (6th Cir. 2017) .......................................................7, 12

*Moran v. Ruan Logistics*,
    No. 1:18-CV-223, 2020 WL 4732991 (S.D. Ohio Aug. 15, 2020) ......................................8, 9

*Pepin v. Larchwood Healthcare Grp, Inc.*,
    No. 1:11-CV-964, 2012 WL 253328 (N.D. Ohio Jan. 26, 2012) .........................12

*Smith v. Holston Med. Grp., P.C.*,
    595 F. App'x 474 (6th Cir. 2014) .......................................................6, 7, 8, 9

*Stoumile v. Eby-Brown Co., LLC*,
    No. 3:22-CV-177, 2023 WL 7002783 (S.D. Ohio Oct. 24, 2023)...........................8

*Walther v. Fla. Tile, Inc.*,
    776 F. App'x 310 (6th Cir. 2019) .......................................................7

**OTHER AUTHORITIES**

Fed. R. Civ. P. 41(a) ............................................................................................5, 6, 8

Fed. R. Civ. P. 41(b) ...........................................................................................6, 12, 13

## I.     INTRODUCTION

After dragging Defendant Shenzhen Gooloo E-Commerce Co., Ltd. ("Gooloo") along for nearly five years, Plaintiff The NOCO Company ("NOCO") asks this Court for an opportunity to bring its claims anew, before a different judge, with discovery re-opened, and with a clean slate. But this is precisely the type of "fresh start" gamesmanship that the Federal Rules prohibit. Discovery is now closed in this case and NOCO has failed to develop *a single shred of evidence* that Gooloo engaged in any of the wrongful behavior that it alleges. Nothing. Of course that should come as little surprise. NOCO did not depose a single witness, (it refused to let its own witnesses be deposed), it produced virtually no documents, and it received virtually no documents because the parties never entered a protective order. Yet, NOCO is still pretending that it diligently pursued its case. *E.g.*, Mot. at 7. NOCO did not. Indeed, NOCO faces two motions for sanctions for its lack of support for its claims, one fully briefed and the other waiting to be filed.

NOCO's true motivation for filing this lawsuit is now apparent. NOCO never had any interest *in actually pursuing its claims*. Instead, NOCO filed this lawsuit against a dozen of its fiercest competitors on the Amazon Marketplace to bully them, coerce them, and drain their resources. Why else would NOCO drag its case out as long as possible? And then, now that NOCO has reached the end of its rope, why else would NOCO's "cost-benefit analysis" suddenly change? NOCO achieved its goals. It kept its fiercest competitors under the specter of litigation *for nearly five years*. But NOCO cannot abuse the court system that way. And this Court cannot give NOCO the opportunity to do it again for five more years.

It is against this backdrop that NOCO seeks dismissal without prejudice – giving NOCO an opportunity to file a new lawsuit against Gooloo based on the same, now long-stale claims, with

a clean slate, a restart to discovery, and none of the baggage weighing it down in this case. That is the only plausible justification for seeking a motion to dismiss *without prejudice* after **five years**. Plaintiff's Motion to Dismiss Without Prejudice should be denied, and this Court should dismiss this action **with prejudice**.

## II.  FACTS AND PROCEDURAL BACKGROUND

Even after five years of "litigation," there are few facts and procedural issues that warrant addressing here.

### A.  NOCO Has Done Little to Advance its Case Against Gooloo for Years

Nearly five years ago, on January 9, 2020, NOCO filed its complaint against Gooloo and others. *See generally* ECF No. 1. On September 14, 2020, Gooloo timely answered the complaint and filed counterclaims against NOCO. ECF No. 71. On February 2, 2021, the Court severed Gooloo's counterclaims from this case and allowed them to proceed in another case. ECF No. 112. For the next *three years*, there is not a single substantive entry on the docket related to NOCO's claims against Gooloo. During that time, NOCO did virtually *nothing* to push its case against Gooloo forward. *Indeed, NOCO did not serve its first set of discovery requests to Gooloo until February 7, 2024*. Declaration of Heath L. Hyatt ("Hyatt Decl.") ¶ 2.

### B.  NOCO Refused to Engage in Meaningful Discovery

On May 29, 2024, the Court held a status conference to provide an update on the little discovery that had taken place. The Court re-set the discovery deadline to August 27, 2024. ECF No. 179. But, "the court indicated that it may not be inclined to grant any further extensions to the case management schedule in the future." *Id.*

On June 3, 2024, the undersigned counsel appeared on behalf of Gooloo. ECF No. 181. Gooloo immediately began pressing forward on its defense. Within a few days, Gooloo had

responded to NOCO's initial discovery requests, including answering 91 requests for admission. Hyatt Decl., ¶ 2. In June 2024, Gooloo issued its own discovery requests to NOCO. *Id.* ¶ 3. NOCO responded to Gooloo's discovery requests with boilerplate objections and virtually no information beyond what it alleged in the complaint. *Id.* ¶ 4, Ex. A. Notably, NOCO did not produce a single document at the time.

In the end, NOCO only produced *eight* documents, most of which were publicly available, and a handful of documents received in response to a third-party subpoena. *Id.* ¶ 5.

On July 31, 2024, with the new discovery deadline less than a month away, and still without *any* documents from NOCO, Gooloo served three notices of deposition scheduled for the days before the close of discovery. *Id.* ¶ 6. On August 2, after Gooloo followed up with counsel for NOCO, NOCO responded claiming that they were "conferring with [their] clients about dates and times and will let [Gooloo] know their availability." *Id.*, Ex. 7. Two weeks later, less than a week before the noticed depositions, and less than two weeks before the discovery deadline, NOCO still had not even confirmed whether or when the depositions would go forward. Later that day, NOCO informed Gooloo that their clients were unavailable for depositions before the close of discovery. *Id*. Gooloo had to cancel its plans to travel to Cleveland.

NOCO never made its witnesses available for depositions.

**C.    NOCO has not Diligently Pursued its Subpoena to Amazon**

On June 21, 2024, *four and a half years into the litigation* and *only two months before the close of discovery*, NOCO finally served a 63 request subpoena duces tecum on Amazon.com, Inc. *Id.* Ex. D.

*NOCO later told the Court that the Amazon documents were key to its case against Gooloo and the other Defendants*. Curiously, NOCO did little to ensure Amazon produced any documents.

On August 22, 2024, the Court held a status conference to discuss the case's progress. ECF No. 191.[1] At that status conference, NOCO represented to the Court that they were working diligently with Amazon to comply with the subpoena. But Gooloo's counsel had spoken with counsel for Amazon responding to the subpoena and heard a very different story. Amazon's counsel informed Gooloo that:

- Amazon had only a few total interactions with NOCO regarding the subpoena;

- Amazon had not yet agreed to produce any documents;

- Amazon was far from producing any documents because it needed more information from NOCO;

- NOCO did not narrow the subpoena (from 63 discrete requests to something more reasonable);

- NOCO did not address Amazon's legitimate objections to privacy and other concerns; and

- NOCO did not provide Amazon the information that it asked for to comply with the subpoena.

The clear message from Amazon was that NOCO was not being diligent at all. In fact, NOCO had done little after serving the subpoena to ensure its compliance.

---

[1] The same day, Defendant Shenzhen Jieqi Digital Technology Co., LTD. filed a motion for sanctions against NOCO for failing to conduct a reasonable investigation into the facts of the case before filing its complaint. ECF No. 189. Gooloo informed NOCO that it was considering a similar sanctions motion given the lack of *any* support for NOCO's allegations against Gooloo.

After hearing this report on NOCO's lack of diligence, the Court gave NOCO another six weeks to ensure Amazon's compliance with the subpoena, until October 6, 2024. ECF No. 191. Again, NOCO did virtually nothing. October 6 came and went—NOCO did not produce a single document from Amazon. Indeed, the clear message *still* from Amazon was that NOCO barely even tried to get Amazon to produce anything.

Worse still, NOCO made no effort during this period to pursue any party discovery from Gooloo—no depositions, no documents, nothing.

The Court held another status conference on October 31, 2024. ECF No. 196. Still, NOCO had not secured or produced a single document from the subpoena to Amazon, not even close. At that conference, NOCO represented to the Court that "it was no longer pursuing the documents." *Id.* NOCO also represented to the Court that it would file motions to dismiss the Defendants, including Gooloo, and then the Court would determine whether the claims should be dismissed with or without prejudice. *Id.*

Finally, the Court unequivocally held that "Discovery has concluded." *Id.* The Court further instructed the parties that "All efforts by the parties are now directed toward resolution of the case, if possible." *Id.*

Instead of heeding the Court's instructions to resolve the case, NOCO filed a motion to dismiss its claims *without* prejudice giving NOCO the opportunity to revive and relitigate its now six-year-old claims.

## III.     NOCO'S REQUEST FOR DISMISSAL WITHOUT PREJUDICE SHOULD BE DENIED

There is no dispute that NOCO's case is getting dismissed. The only question before the Court is whether such dismissal should be with or without prejudice. NOCO seeks to dismiss its

case without prejudice pursuant to Rule 41(a)(2). However, NOCO's request seeks to abuse that rule and preserve its bullying campaign against Gooloo and the threat of future litigation. Instead, this case should be dismissed **<u>with prejudice</u>** under Rule 41(b) because NOCO utterly failed to pursue its own claims. After all, despite nearly five years to find some, there is not a shred of *evidence* of any wrongdoing by Gooloo and discovery is now closed.

### A.    Legal Standard for a Fed. R. Civ. P. 41(a)(2) Dismissal Without Prejudice

Federal Rule of Civil Procedure 41(a)(2) authorizes the Court to dismiss a lawsuit without prejudice. The primary purpose of Rule 41(a)(2) is to "protect the nonmovant from unfair treatment." *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). In other words, Rule 41(a)(2) cannot be used to give NOCO a "fresh start" to pursue its claims against Gooloo. *Ledbetter v. Schottenstein Prop. Grp.*, LLC, No. 2:20-CV-1037, 2023 WL 8649895, at *3 (S.D. Ohio Dec. 14, 2023). Choosing to grant dismissal without prejudice is within the "sound discretion" of the district court unless the defendant would "suffer plain legal prejudice." *Grover*, 33 F.3d at 718.

While the "mere prospect of a second lawsuit" does not alone constitute plain legal prejudice, dismissal creates plain legal prejudice "[a]t the point when the law clearly dictates a result for the defendant." *Smith v. Holston Med. Grp., P.C.*, 595 F. App'x 474, 477 (6th Cir. 2014) (quoting *Grover*, 33 F.3d at 719) (affirming dismissal without prejudice and summary judgment for the defendant).

To determine whether a defendant will suffer plain legal prejudice, courts consider: "[1] the defendant's effort and expense of preparation for trial, [2] excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [3] insufficient explanation for the need to

take a dismissal, and [4] whether a motion for summary judgment has been filed by the defendant." *Grover*, 33 F.3d at 718. However, these factors are "neither exhaustive nor conclusive," and should instead serve as "only a guide." *Walther v. Fla. Tile, Inc.*, 776 F. App'x 310, 315 (6th Cir. 2019); *Malibu Media, LLC v. [Redacted]*, 705 F. App'x 402, 407 (6th Cir. 2017).

Finally, courts have found clear legal prejudice in cases "where the action had been pending for a significant period of time." *Emmons v. Miller Elec. Mfg. Co.*, No. 08-2400, 2009 WL 10700388, at *3 (W.D. Tenn. July 30, 2009).

### B. Dismissing this Case Without Prejudice Would Cause Gooloo Legal Prejudice

It's hard to imagine a case where dismissal without prejudice, and an opportunity for NOCO to re-start its case against Gooloo with a clean slate, would cause greater "plain legal prejudice."

"Discovery has concluded." ECF No. 196 at 2. Despite nearly five years since NOCO filed its complaint, NOCO has produced *eight documents*. NOCO has not deposed a single witness. NOCO refused to make its own witnesses available for depositions. NOCO failed to uncover *any* evidence to prove its allegations against Gooloo. And, most importantly, NOCO failed to timely and diligently pursue its subpoena to Amazon – a maneuver that it considered the crux of its case. Worse, all of these outcomes result from NOCO's own doing. NOCO chose not to engage in discovery. NOCO chose not to pursue its claims. NOCO chose not to depose any of Gooloo's witnesses. *See Smith*, 595 F. App'x at 477-78 (affirming denial of voluntary dismissal where the plaintiff failed to produce a key expert witness and the deadline had long passed). Despite NOCO's efforts to distinguish *Smith*, the case is instructive. *See* Mot at 9.

Despite all of this, NOCO seeks the very "fresh start" that this rule prohibits. *Ledbetter*, 2023 WL 8649895, at *3 ("At bottom, allowing Plaintiff to dismiss Claims III and IV without prejudice would essentially give Plaintiff a "fresh start" on those claims. That is not the purpose of Rule 41(a)(2)."). If this case is dismissed *without* prejudice, NOCO will have the opportunity to re-file its lawsuit with a new opportunity to engage in discovery, new deadlines, and more latitude to delay prosecuting its claims. Such an opportunity after discovery has already closed is "plain legal prejudice." *Stoumile v. Eby-Brown Co., LLC*, No. 3:22-CV-177, 2023 WL 7002783, at *3 (S.D. Ohio Oct. 24, 2023) (Plaintiff had shown a lack of diligence in the case and dismissal without prejudice "would only allow [plaintiff] to hit the reset button on this litigation and force [defendant] to engage in the same painstaking routine in the future."); *see Smith*, 595 F. App'x at 477-78. That is precisely why courts routinely deny motions to dismiss without prejudice after discovery has closed. *See, e.g.*, *Cramton v. Siemens Energy & Automation, Inc.*, No. C-1-08CV579, 2009 WL 10679074, at *2 (S.D. Ohio May 1, 2009) (Denying a motion for dismissal without prejudice because discovery had closed and the court could not "disregard the prejudice to defendant resulting from permitting plaintiff to voluntarily withdraw from this action without prejudice at this late date.").

NOCO's cited cases on this point offer little help. *See* Mot. at 9-10. Indeed, the first five cases cited in this portion of their argument are not even voluntary dismissal cases. Instead, they are dispositive motions filed by *defendants*. *Id.* Such cases have no bearing on the specific factors in a Rule 41(a) motion. *Cincinatti Insurance Company* and *Moran* are similarly distinguishable. *See id*. In *Cincinatti Insurance Company*, the Court, and NOCO, focused on the pending summary judgment motion, but the defendant filed that motion for summary judgment less than a month

after the court set case management deadlines and seven months before the close of discovery. *Cincinnati Ins. Co. v. Simplex Grinnell, LP*, No. 4:11CV106, 2011 WL 4102205 (N.D. Ohio Sept. 9, 2011). The court's analysis has no bearing on this case. And, in *Moran*, the court found any "delay or lack of diligence" in prosecuting the claims arose from the plaintiff's injury and counsel's mistakes. *Moran v. Ruan Logistics*, No. 1:18-CV-223, 2020 WL 4732991, at *3 (S.D. Ohio Aug. 15, 2020). NOCO raises no such facts here.

Moreover, NOCO's allegations against Gooloo arise from conduct that occurred *over six years ago*, in 2019, and possibly even earlier (Gooloo still does not know because NOCO will not support its allegations). NOCO has effectively paused its statute of limitations and other equitable considerations *for five years*. Giving NOCO the opportunity to pursue its long-stale claims again would cause Gooloo "plain legal prejudice." *Grover*, 33 F.3d at 718.

Finally, there is no evidence to support NOCO's claims against Gooloo. *None*. And because discovery is closed in this matter, there never will be any evidence in this case against Gooloo.[2] Without any evidence, NOCO cannot prove its claims. There can be no more obvious instance where "the law clearly dictates a result for the defendant." *Smith*, 595 F. App'x at 477; *see* Mot. at 9. And it is not just Gooloo. Another Defendant filed a motion for sanctions against NOCO. ECF No. 189. Gooloo has made clear that it would do so as well. Dismissal without prejudice wipes away those sanctions motions while allowing NOCO to engage in the same conduct later.

---

[2] NOCO claims without any support that it has "evidence that Defendants manipulated the Amazon Marketplace." Mot. at 8. That is a curious statement. Gooloo did not see any such evidence in the eight documents that NOCO produced in the last five years and Gooloo welcomes the opportunity for NOCO to present such evidence in its reply brief.

NOCO's request for dismissal without prejudice should be denied, and this case should be dismissed with prejudice instead.

### C.    NOCO Failed to Diligently Prosecute Its Claims

NOCO filed its complaint in January 2020. Over the last five years: NOCO has produced eight documents, it chose not to take a single deposition, it refused to make its witnesses available for depositions, it did not offer any expert reports let alone disclose any expert witnesses, and it utterly failed to acquire documents from Amazon that it deemed critical to its case. NOCO failed to follow through on most of the routine discovery tools despite getting *three extensions* to complete discovery. *See* ECF Nos. 158, 179. 191, 196. Discovery is now closed. NOCO failed to gather any actual evidence of what it alleges in its complaint. No wonder NOCO seeks an opportunity for a fresh start. After all, everyone agrees that this case should be dismissed.

For its part, NOCO claims that it "diligently prosecuted its claims." Mot. at 11.[3] That claim is a tall order given how little progress NOCO made in five years. To sidestep that obvious problem, NOCO claims that "any significant delays in this Litigation occurred at the outset— during COVID—when Defendants refused service attempts …" That argument simply does not hold up against Gooloo. Gooloo answered the Complaint *in September 2020, over four years ago*. ECF No. 71. NOCO would not get around to serving discovery requests on Gooloo until *February 2024*. Hyatt Decl. 2.[4] What was NOCO doing for those three years and ten months? Certainly not "diligently prosecuting its claims" as NOCO still claims. Mot. at 11 (cleaned up).

---

[3] NOCO is remarkably vague in describing its diligence, which is notable given how many Defendants it sued (at least 11 Defendants) and it failed in many of the same ways against most of them. Indeed, NOCO offers *no specific* argument about how it diligently pursued its claims against Gooloo. That failure alone warrants denial of its request.
[4] NOCO tries to fault Gooloo for not producing any documents. Gooloo was clear that it would not produce documents until the parties entered a protective order, which remarkably NOCO failed to do. Moreover, Gooloo is

Next, NOCO has the gall to fault *the Court* for not setting a case management conference until September 2023. Mot. at 12. Nowhere on the docket between January 2020 and September 2023 is there a single request from NOCO to set a case management conference. NOCO cannot pin the blame on the Court for its own shortcomings.

Finally, NOCO claims that it "engaged in settlement discussions for months." Mot. at 12. That is news to Gooloo. Without going into the details of protected settlement communications, NOCO and Gooloo exchanged a couple of emails and had a conference or two to discuss settlement. While technically those conversations may have straddled "months," NOCO's portrayal of those communications is a serious exaggeration.

### D.  NOCO's Explanation for Dismissal with Prejudice Makes No Sense

NOCO claims to have done a cost-benefit analysis and that litigation is no longer worth pursuing against the Defendants and Gooloo. That of course begs the question, why dismissal without prejudice? Will NOCO's cost-benefit analysis change in two months? Six months? A year? What happens then? Will NOCO be able to haul Gooloo and the other Defendants back into court on the same six- or seven-year-old claims? NOCO's answer is yes. But that cannot be right.

The key factors that purportedly changed the cost-benefit analysis in further litigation for NOCO are both the Federal Trade Commission and Amazon's enforcement actions. Mot. at 7-8. But, if the FTC and Amazon are stepping up their enforcement activities and for that reason, NOCO no longer needs to do the same enforcement, then why does NOCO need a dismissal without prejudice? It does not. NOCO instead hopes to continue its bullying and coercive

---

not aware of *any attempt* by NOCO to proactively push Gooloo to produce documents: no discovery deficiency letter, no meet and confers on Gooloo's productions, and no motions to compel. That is not diligence on NOCO's part. And, if NOCO never had any intention of producing documents in this case, why should Gooloo alone divert its resources to defend a case that NOCO has no real interest in litigating?

campaign to frustrate many of its competitors. NOCO cannot use the courts as a means to stymie its competitors.

In any event, NOCO entirely fails to explain how the "anticipated costs of continued litigation [will] likely exceed the potential future benefit," Mot. at 7, because of the Federal Trade Commission's and Amazon's enforcement actions. That logical leap is precisely that, a leap. Indeed, NOCO's conclusory argument is a far cry from the far more common-sense analysis endorsed in *Malibu Media*, where the Plaintiff learned in the course of litigation that the individual Defendant's lack of finances would preclude any meaningful recovery. 705 F. App'x at 408.

## IV.  NOCO'S COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE

For the same reasons that NOCO's request for dismissal without prejudice should be denied, Gooloo's request for prejudice should be granted. *See Pepin v. Larchwood Healthcare Grp, Inc.*, No. 1:11-CV-964, 2012 WL 253328, at *3 (N.D. Ohio Jan. 26, 2012) (Denying plaintiff's motion for voluntary dismissal without prejudice and instead granting dismissal with prejudice for failure to prosecute).

### A.  Legal Standard for Rule 41(b)

Rule 41(b) gives courts the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." Fed. R. Civ. P. 41(b); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir.1999); *Benick v. Nanogate N. Am., LLC*, No. 1:22-CV-01479-PAB, 2023 WL 4235530 (N.D. Ohio June 27, 2023). This measure is available to courts as a tool to manage their dockets and avoid unnecessary burdens on the tax-supported courts and opposing parties, and courts have substantial discretion in determining whether dismissal is appropriate. *Knoll*, 176 F.3d at 363.

Courts consider four factors when determining whether a case should be dismissed under Rule 41(b): (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the party's conduct prejudiced her adversary; (3) whether the party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *See id.* Although none of the factors is dispositive, a case may be dismissed properly when there is a clear record of delay or contumacious conduct. *See id.*; *Benick*, 2023 WL 4235530.

**B.      NOCO Willfully Failed to Pursue its Claims**

For the same reasons discussed in Section II above, NOCO willfully and knowingly failed to prosecute its claims *for years*. Indeed, NOCO's failure to pursue its claims over the last five years can only be explained by bad faith. Its claims should be dismissed with prejudice.

**C.      NOCO's Failure to Prosecute its Case will Prejudice Gooloo.**

For the same reasons discussed in Section III.B above, NOCO's failure to prosecute its claims will prejudice Gooloo. Its claims should be dismissed with prejudice.

**D.      NOCO was Repeatedly Warned That the Court Would Not Grant NOCO Any Further Extensions to Complete Discovery**

NOCO was warned multiple times that failure to pursue its case would result in serious consequences. Four years into the litigation, the parties requested an extension to the case schedule. ECF No. 179. The Court granted the request and extended the case schedule, but the Court warned NOCO, and the other parties, that the Court "may not be inclined to grant any further extensions to the case management schedule in the future." *Id.* On August 22, 2023, the parties held another status conference with the Court where it was clear that NOCO was not diligently pursuing its claims. The Court gave NOCO one last chance to pursue the discovery from Amazon that it

deemed so critical. ECF No. 191. NOCO squandered that opportunity. It is clear now, to everyone, that NOCO will not heed the Court's warnings or lesser punishment. Dismissal with prejudice is the appropriate course.

### E.      The Court Tried Vigorously to Push NOCO to Pursue its Claims, All to No Avail

The Court tried warning NOCO and suggesting alternative dispute resolution procedures before considering dismissal. As discussed above, the Court gave NOCO multiple opportunities to pursue its claims and warned NOCO about its failure to take advantage of the additional time to do so. The Court also suggested that the parties consider pursuing other avenues to resolve the case. *See* ECF NO. 191. Those efforts barely got off the ground because NOCO's demands made little sense.

Of course, the Court cannot force NOCO to pursue its own claims. What more can the Court do to control its docket (and prevent NOCO's conduct reoccurring before a new judge) than dismiss this case with prejudice.

## V.      CONCLUSION

NOCO has squandered its *many* opportunities to pursue its claims. The Court and the parties have been reasonably accommodating. But now, enough is enough. Everyone agrees that this case must be dismissed. The only question now is to what end. That end should be final. Dismissal with prejudice is the only appropriate course.

Date: December 16, 2024

Respectfully submitted,

Brandon M. White (#0075430)
BMWhite@perkinscoie.com
**PERKINS COIE LLP**
700 13th Street NW
Suite 800
Washington, DC 20005
Telephone: (202) 654-6200
Facsimile: (202) 654-6211

John D. Esterhay (*pro hac vice*)
JEsterhay@perkinscoie.com
**PERKINS COIE LLP**
11452 El Camino Real, Suite 300
San Diego, CA 92130-2080
Telephone: (858) 720-5700
Facsimile: (858) 720-5799

*/s/ Heath L. Hyatt*
Heath L. Hyatt (*pro hac vice*)
HHyatt@perkinscoie.com
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Telephone: (206) 359-8000
Facsimile: (206) 359-9000

*Counsel for Defendant Shenzhen Gooloo E-Commerce Co., Ltd.*

-15-

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Defendant's Opposition to Plaintiff's Motion to Dismiss Without Prejudice was sent to all counsel of record via electronic mail on this 16th day of December, 2024.

> */s/Heath L. Hyatt*
> Heath L. Hyatt
>
> *Counsel for Defendant Shenzhen Gooloo E-Commerce Co., Ltd.*