UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THE NOCO COMPANY, | ) | Case No.: 1:20 CV 49 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| SHENZHEN VALUELINK, | ) | |
| E-COMMERCE CO., LTD., *et al.,* | ) | |
| | ) | |
| Defendants | ) | <u>ORDER</u> |

Currently pending before the court in the above-captioned case is Plaintiff The NOCO Company's ("Plaintiff" or "NOCO") Motion to Dismiss Without Prejudice Pursuant to Federal Rule of Civil Procedure 41(a)(2) ("Motion") (ECF No. 199). For the following reasons the court grants the Motion but does so *with* prejudice.

**I. BACKGROUND**

On January 9, 2020, Plaintiff, The NOCO Company, filed a five-count Complaint (ECF No. 1), alleging Violations of the Lanham Act (Count I), Violations of Ohio's Unfair Trade Practices Law (Count II), Tortious Interference with a Business Relationship (Count III), Trade Libel (Count IV), and Civil Conspiracy (Count V) against eleven Defendant merchants ("Merchant Defendants"), and an unknown number of John Doe Businesses ("Service Defendants"). NOCO is a private Ohio corporation that designs and manufactures consumer electronics for vehicles, including battery chargers, jump starters, and other portable power devices. (Compl. ¶ 6–7.) The

Merchant Defendants include business entities organized under the laws of and headquartered in China (Shenzhen Valuelink E-Commerce Co., Ltd. ("Valuelink"), Shenzhen Gooloo E-Commerce Co., Ltd. ("Gooloo"), Aukey Technology Co., Ltd. ("Aukey"), Shenzhen Mediatek Tong Technology Co., Ltd. ("Mediatek"), Shenzhen Bi Te Yi Technology Co., Ltd. ("Bi Te Yi"), Guangzhou Unique Electronics Co., Ltd. ("Unique"), Nice Team Enterprise Limited ("Nice Team"), Shenzhen Jieqi Digital Technology Co., Ltd. ("TopVision")), a China-located individual (Wei He ("Wei He")), a California corporation (Tii Trading, Inc. ("Tii Trading")), and a Colorado corporation (Substanbo, Inc. ("Substanbo")). (Compl. ¶ 8.) According to NOCO, the Merchant Defendants sell jump starters on the Amazon Marketplace that compete with NOCO products. (Compl. ¶ 9.) Specifically, NOCO claims the Merchant Defendants unfairly compete by: "(i) manipulating Amazon.com, Inc.'s algorithms that award the Badge; (ii) creating false product reviews, ratings, and descriptions; and (iii) using Service Defendants to drive up NOCO's costs on the Amazon Marketplace." (Compl. ¶ 21.)

During the five years since NOCO filed its Complaint, four Defendants unsuccessfully moved to dismiss based on lack of personal jurisdiction[1] (ECF Nos. 76, 90, 126), two Defendants had their counterclaims severed from this action and transferred[2] (ECF No. 112), three Defendants had their counterclaims dismissed for failure to state a claim[3] (ECF No. 139), and the court entered default judgment against Nice Team thereby permanently enjoining it from manipulating and selling products that compete with Plaintiff's products on the Amazon Marketplace. (ECF Nos. 144, 159,

---

[1] The Defendants who filed motions to dismiss for lack of personal jurisdiction were Tii Trading, Bi Te Yi, Mediatek, and Valuelink.

[2] The Defendants who had their counterclaims severed and transferred were Gooloo and Unique.

[3] The court granted NOCO's motion to dismiss Valuelink's, Bi Te Yi's, and Mediatek's counterclaims for failure to state a claim on March 24, 2022.

175.) Despite NOCO trimming the action down to only its five claims, securing default judgment against one of the Defendants, and seven Defendants filing Answers (ECF Nos. 71, 94, 124, 129, 130, 160, 161), all by October 4, 2023, little has happened since.

Throughout 2024, the court held numerous status conferences to help the parties efficiently structure and move through discovery. (*See* ECF Nos. 169, 174, 179, 188, 191, 196.) At the May 29, 2024 status conference, the court granted the parties' request for a discovery extension, thereby shifting the schedule back by two months. (*Compare* ECF Nos. 158 and 179.) The court cautioned the parties however, stating that it may not be inclined to grant any further extensions in the future. (Order at PageID 8044, ECF No. 179.) Prior to the July 9, 2024 status conference, Defendant TopVision filed a Letter Regarding Discovery Dispute (ECF No. 80), to which NOCO responded (ECF No. 187). When counsel for the parties convened on July 9, NOCO explained it was in the process of obtaining written discovery from two third parties – UL LLC and Amazon – to help NOCO and Defendants evaluate the various claims. (Order at PageID 8099, ECF No. 188.) Attorney Timothy Wang, who represents a number of Defendants, also informed the court that two of his clients, Mediatek and Bi Te Yi were no longer in operation. (*Id.*) As to the discovery dispute between TopVision and NOCO, the court indicated that NOCO should respond to TopVision's contention interrogatories after obtaining discovery from Amazon, provided such discovery was completed in a reasonable time. (*Id.*) The court, however, did not preclude the parties from filing motions to compel other aspects of discovery. (*Id.*) Neither Plaintiff nor any Defendant filed a motion to compel discovery on each other or on Amazon during the course of litigation.

At the court's August 22, 2024 status conference, and with the revised fact discovery deadline approaching on August 27, NOCO verbally requested another discovery extension, this time by 90 days. (Order at PageID 8147, ECF No. 191.) NOCO argued the extension was necessary to

-3-

obtain discovery from Amazon, which was critical to its claims. Counsel for all Defendants in attendance objected to the extension, indicating that NOCO had not made maximum effort to obtain discovery from Amazon. (*Id.*) The court ultimately granted a 45-day extension to NOCO to obtain discovery from Amazon, and ordered the parties to explore a declaration process suggested by NOCO that could help resolve or narrow the disputes with each Defendant. (*Id.* at 8148.)

Summer turned into fall and during the October 31, 2024 status conference, NOCO represented to the court it was unsuccessful in securing the requested discovery documents from Amazon, and that it was no longer pursuing the documents. (Order at PageID 8212, ECF No. 196.) NOCO further updated the court on its declaration and settlement prospects with some of the Defendants, and stated the parties were interested in resolving the disputes through voluntary dismissal if settlement or declaration agreements could not be reached. (*Id.*) The court noted that after receiving the parties' briefings on voluntary dismissal, it would determine whether NOCO's claims should be dismissed with or without prejudice, and it declared that discovery in the case was now closed. (*Id.* at PageID 8213.)

On December 2, 2024, NOCO filed the instant Motion to voluntarily dismiss its claims against Defendants Valuelink, Gooloo, Mediatek, Bi Te Yi, Tii Trading, Unique, TopVision, Smart Well, and Nice Well without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). (ECF No. 199.) NOCO also filed a Notice of Dismissal (ECF No. 200) without prejudice under Federal Rule of Civil Procedure 41(a)(1) for its claims against Defendants Wei He, Substanbo, Aukey, and John Doe Businesses. On December 16, 2024, Defendant Gooloo filed its Opposition (ECF No. 202) to NOCO's Motion, as well as its own Motion to Dismiss the action with prejudice under Federal Rule of Civil Procedure 41(b). Attorney Wang, on behalf of Defendants Valuelink, Mediatek, Bi Te Yi, and Tii Trading filed an Opposition Brief (ECF No. 203) on December 23, 2024, asserting

-4-

that any voluntary dismissal should be with prejudice. NOCO filed its Reply (ECF No. 204) to Gooloo's Motion on December 23, 2024, and its Reply (ECF No. 206) to Attorney Wang's Opposition on January 6, 2025.

Then, on February 10, 2025, NOCO filed a Notice of Dismissal under Rule 41(a)(1) with prejudice on its claims against Defendant Aukey Technology (ECF No. 208). That same day, NOCO and Defendant Gooloo filed a joint proposed stipulation for dismissal with prejudice of NOCO's claims against Gooloo (ECF No. 209). The court entered an order dismissing NOCO's claims against Aukey and Gooloo with prejudice on February 11, 2025. (ECF Nos. 210, 211.) Consequently, Gooloo's Motion to Dismiss with Prejudice (ECF No. 202) is now denied as moot.

With NOCO's claims against Gooloo and Aukey dismissed with prejudice, the court now considers whether Plaintiff's claims against the remaining Defendants[4] should be dismissed with or without prejudice.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 41(a)(2) authorizes the court to dismiss a lawsuit without prejudice on motion by the plaintiff. The Rule provides, in pertinent part, that:

> Except as provided in Rule 41(a)(1), an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper...Unless otherwise specified in the order, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2). Whether to grant dismissal under the Rule is within the sound discretion of the district court. *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994). When

---

[4] The remaining Defendants are Valuelink, Mediatek, Bi Te Yi, Tii Trading, Unique, TopVision, Wei He, Substanbo, and John Doe Businesses. Defendants Wei He, Substanbo, and John Doe Businesses never entered an appearance in this case or otherwise responded to the Complaint. (*See* ECF No. 200.)

a plaintiff moves to dismiss an action via court order, "[t]he district court may deny the motion, require that a dismissal be with prejudice, or impose any other conditions that it 'deems necessary.'" *Wellfount, Corp. v. Hennis Care Centre of Bolivar Inc.*, 951 F.3d 769, 774 (6th Cir. 2020) (quoting *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.3d 948, 954 (6th Cir. 2009).

A district court's decision to deny a Rule 41(a)(2) motion is reviewed for an abuse of discretion, which exists "only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Grover*, 33 F.3d at 718. In *Grover*, the Sixth Circuit explained that district courts should consider the following factors to determine if a defendant will suffer plain legal prejudice:

> the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant.

*Id.* (citing *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 474 (7th Cir. 1988)). However, these factors are only a "guide," and the trial court retains discretion to grant the motion. *Malibu Media, LLC v. Redacted*, 705 F. App'x 402, 407 (6th Cir. 2017.)

### III. LAW AND ANALYSIS

NOCO contends that Defendants will not suffer "plain legal prejudice" if the court dismisses the action without prejudice pursuant to Rule 41(a)(2) for three reasons: (1) it diligently prosecuted its claims; (2) the Defendants "will be able to avail themselves to discovery and their same defenses" in any future litigation; and (3) the Defendants have no counterclaims, they have not expended resources preparing for trial, and none has filed a motion for summary judgment. (NOCO Motion at PageID 8223.) NOCO also asserts that the court can dismiss the action without prejudice based

on NOCO's cost-benefit analysis in continuing the litigation, and because the law does not clearly dictate a result in favor of Defendants. (*Id.* at 8231.)

Attorney Timothy Wang argues on behalf of Defendants Valuelink, Mediatek, Bi Te Yi, and Tii Trading (collectively, "Wang Defendants"), as well as Intervenors Nice Well and Smart Well (collectively, "Intervenors") that dismissal *with* prejudice is appropriate because the action "was filed against Defendants nearly five years ago, without any factual basis for the filing, has cost defendants tens of thousands of dollars in legal fees, and interrupted their business for nearly half a decade, all so Plaintiff could attempt to establish a monopoly on the market for its product." (Opp'n at PageID 8424, ECF No. 203.) Defendants Unique, TopVision, Wei He, Substanbo, and John Doe Businesses did not respond to NOCO's Motion. The court addresses the parties' arguments by applying each *Grover* factor in turn.

**A.     Defendant's Effort and Expense Preparing for Trial**

NOCO argues that because no trial date was set, no party substantially prepared for trial beyond "simply participating in this [l]itigation." (Mot. at PageID 8237.) The Wang Defendants reject this characterization of the time spent preparing for trial, stating that they "have spent a great deal of time and money on this litigation," collectively spending more than $150,000 on the case over nearly half a decade. (Wang Opp'n at PageID 8426; *see also* Wang Decl. at ¶ 2.) The magnitude of these expenditures alone is not dispositive. *See Setty v. Village of Russellville*, No. 1:20-CV-476, 2022 WL 899692, at *3 (S.D. Ohio Mar. 28, 2022).

The court finds that since NOCO filed its Complaint on January 9, 2020, and filed the instant Motion on December 2, 2024, the participating Defendants have spent a significant amount of time getting this case trial-ready. During the last five years, the participating Defendants have: (1) answered the Complaint (*see* ECF Nos. 128 (Valuelink), 129 (Mediatek and Bi Te Yi), 130 (Tii

-7-

Trading) 160 (Shenzhen Jiequi), 161 (Nice Well and Smart Well); (2) participated in jurisdictional discovery; (3) filed motions to dismiss and motions for judgment on the pleadings; and (4) participated in fact discovery. Moreover, the lack of a trial date and the close of discovery reflects NOCO's apparent desire to resolve the disputes with each Defendant without going to trial. (*See* Order at PageID 8147, ECF No. 191.) Thus, the court concludes this factor weighs in favor of Defendants.

**B.**     **Excessive Delay and Plaintiff's Lack of Diligence in Prosecuting the Action**

NOCO contends it diligently prosecuted its claims, citing it overcoming Defendants' resistance to service, conducting jurisdictional discovery, successfully opposing numerous motions to dismiss for lack of personal jurisdiction and all counterclaims by Defendants, and obtaining default judgment against one Defendant. (NOCO Motion at PageID 8235.) NOCO also discusses the time it spent on discovery requests to Defendants and to Amazon. (*Id.*) Lastly, NOCO asserts that any significant delays in this case were due to COVID and Defendants' refusal of service attempts, and because the initial case management conference was not held until September 2023. (*Id.* at PageID 8236.)

The Wang Defendants rebut NOCO's characterization of its efforts in prosecuting its claims. Specifically, they point to NOCO not serving discovery requests on them until February 2024, despite Defendants Valuelink, Bi Te Yi, Mediatek, and Tii Trading answering the Complaint in August 2021. (Wang Opp'n at PageID 8427; *see also* Wang Decl. ¶ 3 at PageID 8435.) They also argue that NOCO improperly shifts blame for any delays to the COVID pandemic and the court, noting that numerous cases proceeded to trial despite the pandemic, and NOCO could have requested a case management conference to begin the discovery process any time after Defendants filed their answers in August 2021. (*Id.*) Lastly, the Wang Defendants note that "Plaintiff has conducted no

depositions, and has presented no witnesses for depositions, no expert reports or opinions, and has presented no direct evidence to support its claims" (*Id.* at PageID 8428; *see also* Wang Decl. ¶ 7 at PageID 8436.)

The court finds this factor also weighs in favor of Defendants. First, NOCO's assertion that any significant delays were due to the COVID pandemic and the court not setting a Case Management Conference until September 2023 contradicts the court docket. Indeed, a review of the docket shows that most of the activity in this case happened during the pandemic in 2020 and early 2021. For example, it was during the first year-and-a-half that NOCO successfully requested and completed jurisdictional discovery as to four separate Defendants. (*See* ECF Nos. 12, 16, 27, 102, 111, 115, 117.) Additionally, Defendants Gooloo, Unique[5], Valuelink, Bi Te Yi, Mediatek, and TII Trading all answered NOCO's Complaint by August 2021. (*See* ECF Nos. 71, 94, 128, 129, 130.)

Furthermore, the court held numerous status conferences with the parties in 2020 to resolve service issues, jurisdiction disputes, and other matters to move litigation forward. (*See* ECF Nos. 47, 53, 80.) While the record indicates that a discovery schedule was not set until the September 22, 2023 Status Conference (ECF No. 158), that does not justify NOCO's delay in requesting discovery from the participating Defendants until February 2024, nor explain why it waited until June 2024 to subpoena Amazon for records it claims are integral to its case.

More than five years have passed since NOCO filed its Complaint. The docket shows the court and Defendants making efforts to move this litigation forward, despite the pandemic and various service issues early on. It is true that Plaintiff defeated two motions to dismiss for lack of personal jurisdiction, successfully moved to dismiss the counterclaims against it, and obtained a

---

[5] Defendant Guangzhou Unique Electronics Co., LTD is currently unrepresented, but was when it answered the Complaint on October 28, 2020. (*See* ECF No. 94.)

Default Judgment against Nice Team. But those efforts concluded in 2022, and since then, it appears NOCO has done little to prosecute its remaining claims. Accordingly, the court finds this factor also favors Defendants.

**C.    Insufficient Explanation for the Need to Take a Dismissal**

NOCO's primary explanation for wanting to dismiss its claims without prejudice now is that the costs of continued litigation likely outweigh the potential benefit to NOCO[6]. (Mot. at PageID 8229.) A cost-benefit analysis can be an explanation that weighs in favor of dismissal. For example, in *Malibu Media, LLC*, the Sixth Circuit concluded that the district court did not abuse its discretion when it accepted Malibu's fairly scant explanation that pursuing the case further "would not be financially justified based on the state of [Redacted]'s personal finances." 705 F. App'x at 408. A similar explanation was accepted in *Walther v. Florida Tile, Inc.*, 776 F. App'x 310, 316 (6th Cir. 2019). In *Florida Tile*, the plaintiff sought voluntary dismissal because of a file he obtained from the defendant that implicated a new party and warranted substantial new claims. *Id.* The Sixth Circuit held that the district court did not abuse its discretion in accepting this explanation, especially since the plaintiff could not have amended his complaint before receiving the new file, nor could he join

---

[6] NOCO argues that its "cost-benefit analysis" alone is a sufficient basis for dismissing the action without prejudice. However, NOCO overstates the Sixth Circuit's position on a moving party's cost-benefit analysis as reasonable grounds for Rule 41(a)(2) dismissal. In none of the cases cited by Plaintiff does the Sixth Circuit hold that a moving party's cost-benefit analysis, on its own, is a reasonable ground for dismissal without prejudice. Rather, these cases conclude that the district court did not abuse its discretion when accepting a moving party's cost-benefit analysis as *one of* the reasonable grounds justifying dismissal. *See Bridgeport Music*, 583 F.3d at 955 ("the district court specifically considered whether there was excessive delay on the part of plaintiffs, and concluded not only that the delay in these cases could not clearly be attributed to plaintiffs alone, but also that plaintiffs' cost-benefit analysis provided a reasonable explanation for seeking dismissal in these cases."); *Malibu Media*, 705 Fed App'x. at 407–408 (approving district court's finding that plaintiff's "cost-benefit analysis [is] a sufficient explanation for the purposes of [the third *Grover*] factor.").

the new party without destroying diversity of citizenship. *Id.* But NOCO's explanation is more analogous to that given by the plaintiff in *Setty v. Village of Russellville*, 2022 WL 899692, at *3 (S.D. Ohio Mar. 28, 2022).

In *Setty*, the plaintiff explained that voluntary dismissal was warranted because of the time that had lapsed since the defendants filed their motion to dismiss and "various aspects of the case that had developed, including availability of possible witnesses." *Id.* (quotations omitted). The district court was not persuaded by this explanation, and said:

> To be sure, the availability of witnesses and other evidence is a reasonable consideration in determining the propriety of continuing the litigation. However, the Court notes that this consideration does not seem to support a request for dismissal *without prejudice*. On the contrary, it seems unlikely that witnesses and other evidence will become any more available should the matter be dismissed and then re-filed.

*Id.* (emphasis in original). Here, NOCO asserts that the costs of continued litigation likely outweigh the potential benefit to NOCO because since filing the action, "Amazon and the Federal Trade Commission ("FTC") are enforcing the policies and laws applicable to the Amazon Marketplace and a majority of the Participating Defendants have ceased selling jump starters." (Mot. at PageID 8226.) Like those offered by the *Setty* plaintiff, these various developments do not seem to support dismissal *without prejudice* because the relief NOCO seeks is likely moot and would still be moot should the matter be dismissed and then re-filed. Further, NOCO does not posit that the discovery it seeks from Amazon will be readily available or easier to obtain should it refile. Thus, NOCO's explanation for the need to take a dismissal without prejudice does not justify holding the threat of future litigation on what appears to be stale claims over the Defendants' heads like a sword of Damocles. Accordingly, this factor also weighs in favor of Defendants.

**D.**     **Whether Defendant Filed a Motion for Summary Judgment**

The final *Grover* factor, whether the defendant filed a motion for summary judgment, does favor NOCO because no motion for summary judgment has been filed, nor will there be one given NOCO's desire to resolve the case via voluntary dismissal. Given the present position of the parties, the court places little to no weight on this factor in making its decision on NOCO's Motion.

## IV. CONCLUSION

On balance, the court concludes that the *Grover* factors weigh against dismissing NOCO's claims without prejudice because doing so would result in plain legal prejudice against Defendants. However, the court finds that dismissing the action *with* prejudice is appropriate. Therefore, the court exercises its broad discretion in evaluating motions to dismiss pursuant to Federal Rule of Civil Procedure 42(a)(2) and grants in part NOCO's Motion to Dismiss (ECF No. 199), but dismisses the case *with* prejudice.

Dismissing NOCO's claims against all remaining defendants with prejudice renders TopVision's Motion for Judgment on the Pleadings (ECF No. 170) moot, and therefore it is denied. Gooloo's Motion to Dismiss with Prejudice (ECF No. 202) is also denied as moot since it and NOCO stipulated to dismissal with prejudice on February 10, 2025, which the court granted February 11, 2025. (ECF Nos. 210, 211.)

The parties will bear their own costs and attorneys' fees.

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

March 26, 2025