UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THE NOCO COMPANY, | ) | Case No.: 1:20 CV 49 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| SHENZHEN VALUELINK, | ) | |
| E-COMMERCE CO., LTD., *et al.,* | ) | |
| | ) | |
| Defendants | ) | ORDER |

Currently pending before the court in the above-captioned case is Defendant Shenzhen Jiequi Digital Technology Co., Ltd.'s ("TopVision") Motion for Sanctions under Federal Rule of Civil Procedure 11 ("Motion") (ECF No. 189). For the following reasons Defendant's Motion is denied.

**I. BACKGROUND**

On January 9, 2020, Plaintiff, The NOCO Company, filed a five count Complaint (ECF No. 1) alleging Violations of the Lanham Act (Count I), Violations of Ohio's Unfair Trade Practices Law (Count II), Tortious Interference with a Business Relationship (Count III), Trade Libel (Count IV), and Civil Conspiracy (Count V) against eleven Defendant merchants ("Merchant Defendants"), and an unknown number of John Doe Businesses ("Service Defendants"). NOCO is a private Ohio corporation that designs and manufactures consumer electronics for vehicles, including battery chargers, jump starters, and other portable power devices. (Compl. ¶ 6–7.) Defendant TopVision, one of the eleven Merchant Defendants sued, is a business entity organized

under the laws of and headquartered in China. (Compl. ¶ 8.) According to NOCO, TopVision, along with the other Merchant Defendants, sell jump starters on the Amazon Marketplace that compete with NOCO products. (Compl. ¶ 9.) Specifically, NOCO claims the Merchant Defendants unfairly compete by: "(i) manipulating Amazon.com, Inc.'s algorithms that award the Badge; (ii) creating false product reviews, ratings, and descriptions; and (iii) using Service Defendants to drive up NOCO's costs on the Amazon Marketplace." (Compl. ¶ 21.)

Early in the case, NOCO faced difficulties properly serving TopVision. Eventually, NOCO sought, and was granted, leave to serve TopVision and five other Defendants by email and/or Facebook Messenger. (ECF No. 52.) Not having heard from TopVision, NOCO filed a request for Entry of Default on August 31, 2021. (ECF No. 133.) The entry was granted on September 13, 2021, and on May 31, 2022, NOCO moved for Default Judgment against TopVision. (ECF Nos. 135, 140.) On November 2, 2022, the court granted NOCO's Default Judgment Motion. (ECF No. 144.) However, on March 27, 2023, TopVision moved to set aside the Default Judgment, which after hearing from the parties, the court granted on September 30, 2023. (ECF Nos. 150, 159.)

On October 4, 2023, TopVision filed its Answer (ECF No. 160). During a February 8, 2024 status conference, the court and counsel for the parties discussed how to efficiently structure discovery in light of the many defendants and claims. (ECF No. 169.) Shortly thereafter, on March 15, 2024, TopVision filed a Motion for Judgment on the Pleadings, in which it primarily argued NOCO's Complaint relied on general allegations against all Defendants, and thus did not satisfy NOCO's pleading obligations. (ECF No. 170.) The court continued to hold status conferences with the parties, and on May 31, 2024, TopVision filed a letter with the court notifying it of a discovery dispute with NOCO over "contention interrogatories." (ECF No. 180.) It was from this discovery dispute over NOCO's minimal responses to TopVision's interrogatories that TopVision notified

NOCO of its intention to move for Rule 11 sanctions unless "NOCO withdraw[s] any and all unsupported factual allegations and any claims based thereon." (Mot. at PageID 8142, 8145, ECF No. 190-2.)

TopVision filed the instant Motion on August 22, 2024. (ECF No. 189.) NOCO filed its Opposition (ECF No. 193) on September 19, 2024, to which TopVision filed its Reply (ECF No. 194) on September 26, 2024. On March 26, 2025, the court dismissed NOCO's Complaint with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). TopVision's Motion for Sanctions is now ready for adjudication[1].

## II. LAW AND ANALYSIS

Defendant contends that sanctions against NOCO's attorneys and the attorneys' law firm are warranted because they "presented pleadings and other court papers including factual allegations without any evidentiary basis, in violation of Fed. R. Civ. P. Rule 11(b)(3)." (Mot. at PageID 8101.) Defendant points to thirteen factual allegations in NOCO's Complaint that it believes have no factual basis. (*Id.* at PageID 8107–16.) TopVision further contends that when it asked NOCO to identify the factual bases for these allegations, NOCO did not identify any, but replied that the request was "more appropriate for a Request propounded upon, rather than by, TopVision." (*Id.* 8108–111, 8112, 8114–115.) Defendant asserts that this response "confirm[s] that NOCO has no information on which it could have based [these] allegation[s]." (*Id.*)

---

[1] In *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393–94 (1990), the Supreme Court held that a district court retains jurisdiction to impose sanctions even after a plaintiff voluntarily dismisses its action under Federal Rule of Civil Procedure 41(a)(1). Although *Cooter & Gell* only addressed voluntary dismissals under rule 41(a)(1), courts in this Circuit have at least implicitly applied *Cooter & Gell* to voluntary dismissals under rule 41(a)(2). *See Brown v. Loc. 58, Int'l Arbor Sch. Bd.*, 699 F.2d 309 (6th Cir. 1983). Accordingly, the court has jurisdiction to consider TopVision's Motion for Sanctions despite already dismissing the action under Rule 41(a)(2).

NOCO argues that the court should not impose sanctions under Rule 11 because "Plaintiff's claims and continued prosecution of its claims are reasonable under the circumstances." (Opp'n at PageID 8152.) Plaintiff seeks to rebut TopVision's assertions that its allegations lack an evidentiary basis by discussing NOCO's use of news articles, congressional inquiries, and a third-party software to analyze TopVision's product reviews during its pre-suit investigations. (*Id.* at PageID 8161–163.) NOCO also points to paragraph 224 of its Complaint, which "shows TopVision's attempts to manipulate product reviews by incentivizing a 'verified purchaser' of a TopVision product with a free gift in exchange for the product review[.]" (*Id.* at PageID 8160.) Additionally, Plaintiff notes that its pre-suit investigation need not be exhaustive, and that Rule 11 is not violated when "discovery or further inquiry is likely to reveal additional evidentiary support[.]" (*Id.* at PageID 8163.)

Federal Rule of Civil Procedure 11(b) demands that an attorney or unrepresented party who signs, files, or submits a pleading to the court "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:"

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Furthermore, "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." *Id.* 11(c)(1). In the Sixth Circuit, "[t]he principal goal of Rule 11 sanctions is deterrence with compensation being a secondary goal." *Orlett v. Cincinnati Microwave, Inc.*, 954 F.2d 414, 419 (6th Cir. 1992).

To determine whether Rule 11 sanctions are warranted, courts in this Circuit look at "whether the individual's conduct was reasonable under the circumstances." *Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. v. Aguirre*, 410 F.3d 297, 304 (6th Cir. 2005) (internal quotation and citation omitted). This is "'an objective standard, intended to eliminate any 'empty-head pure-heart' justification for patently frivolous arguments.'" *Nieves v. City of Cleveland*, 153 F. App'x 349, 353 (6th Cir. 2005) (citing Fed. R. Civ. P. 11 advisory committee's notes to 1993 amendment). When the alleged violation concerns Rule 11(b)(3), as TopVision's does, "a court may sanction attorneys [...] for factual assertions they know–or after reasonable investigation should have known–are false or wholly unsupported." *King v. Whitmer*, 71 F.4th 511, 521 (6th Cir. 2023).

In *King v. Whitmer*, the Sixth Circuit examined whether the plaintiffs' factual allegations about voting systems, statistical anomalies in election results, and misconduct by election workers were properly supported under Rule 11(b)(3). *Id. King* concluded that most of the allegations were baseless because the evidentiary support offered by the plaintiffs either (1) had nothing to do with the alleged facts, (2) refuted rather than supported the complaint's allegations, (3) involved baseless assumptions or questionable experts, (4) misrepresented data, or (5) demonstrated counsel's failure to read the applicable statute. *Id.* at 521–28.

However, some factual allegations were not sanctionable because the evidentiary support offered was not facially unreasonable. *Id.* 524–25. For example, in support of the allegation that Michigan's election results were statistically anomalous or impossible, plaintiffs relied on an expert who opined that "several spikes in Biden's vote count in Michigan on election night were [...] 'anomalous'" because such spikes did not occur in Florida, where the election was similarly close. *Id.* at 524. The *King* court concluded that "[t]he proposition that Michigan's reporting of vote totals should track Florida's is without support; but Bouchard's technical analysis was not facially unreasonable to a layperson[,]" and was therefore not sanctionable. *Id.*

The evidentiary bases NOCO offers for its factual allegations against TopVision are not "facially unreasonable" under the circumstances. Like the plaintiffs in *King*, NOCO attached exhibits to its Complaint in order to support its factual allegations under the Rule 11(b)(3) standard. But unlike the *King* plaintiffs, none of NOCO's exhibits appear to refute its claims, misrepresent data, or involve baseless assumptions. For example, Exhibits A and B are letters from United States Senators to Amazon detailing "concerns about the 'Amazon's Choice' badge and whether it deceives consumers into purchasing products of inferior quality," and issues of deceptive labeling of potentially dangerous products sold on Amazon. (Compl. at PageID 77, 88.) The Senators reference myriad news articles, including a *Wall Street Journal* investigative report, thus showing that their concerns are not baseless assumptions. (*Id.*) Indeed, the concerns expressed in these letters tracks NOCO's allegations that Defendants manipulate the Amazon Marketplace to receive the "Amazon Choice" badge, and that some improperly label their products as UL Certified. (Compl. ¶¶ 86–93, 145–47.) Exhibit C, a letter from Amazon responding to the Senators, offers additional support to NOCO's allegations because it confirms the company's use of algorithms and product reviews to decide which products get the Amazon Choice badge. (Compl. at PageID 84.) These exhibits,

coupled with the images of allegedly paid for product reviews and NOCO's third-party analysis of Defendants' product reviews, show Plaintiff's factual assertions are not wholly unsupported, like many of those in *King*.

The court acknowledges TopVision's frustrations with NOCO directing most of its factual allegations at all Defendants, and not just TopVision. However, NOCO did make some effort to obtain Defendant-specific data from UL and Amazon via subpoena during discovery. It is true that the data received from UL appeared to indicate TopVision was not using the UL mark in 2020. (Reply Decl. at PageID 8197, ECF No. 195.) But this information does not directly contradict NOCO's Complaint because NOCO never directly alleged TopVision was improperly using the mark. (Compl. ¶ 146.) Thus, the UL information about TopVision's non-use of the UL mark is not enough to warrant sanctions. Lastly, because NOCO's suit was recently dismissed with prejudice (*see* ECF No. X), which was ultimately what TopVision wanted (*see* ECF No. 190-2 at PageID 8142), imposing Rule 11 sanctions would be unnecessary additional deterrence.

Accordingly, the court declines to impose Rule 11 sanctions. Though the court acknowledges the evidentiary support provided by NOCO's attorneys was not optimum, they acted reasonably under the circumstances in providing some evidentiary bases for the Complaint's factual allegations.

### III. CONCLUSION

For the foregoing reasons, the court denies TopVision's Motion for Sanctions under Federal Rule of Civil Procedure 11 (ECF No. 189).

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

March 26, 2025